UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
**CLINT MILLIEN and FELIPE KELLY,**             :    **DEFENDANTS' ANSWER AND**
individually and on behalf of all others        :    **DEFENSES TO PLAINTIFFS' FIRST**
similarly situated,                             :    **AMENDED CLASS ACTION**
                                                :    **COMPLAINT**
          **Plaintiffs,**         :
                                                :    Civil Action No. 1:17-cv-04000
  -against-                                  :
                                                :    **Document Electronically Filed**
**THE MADISON SQUARE GARDEN**                   :
**COMPANY and MSGN HOLDINGS,**                  :
**L.P.,**                                       :
                                                :
          **Defendants.**         :
                                                :
---------------------------------------------------------- X

Defendants The Madison Square Garden Company ("MSG') and MSGN Holdings, L.P., (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the First Amended Class Action Complaint ("FAC") of Plaintiffs Clint Millien and Felipe Kelly (collectively, "Plaintiffs") in accordance with the numbered paragraphs thereof. Plaintiffs' claims are without merit. To protect its employees, customers, and brand, MSG conducts appropriate background checks on prospective employees and complies with all legal requirements in doing so. To allow for a complete and thorough background check, MSG requires job applicants, after a conditional offer of employment, to provide information on their criminal history. Both Mr. Millien and Mr. Kelly failed to disclose criminal convictions on their job application materials. As a result of those failures, neither Plaintiff was eligible to be hired.

**RESPONSES TO "SUMMARY OF THE CLAIMS"**

1.     Defendants admit only that Plaintiffs purport to bring a class action on behalf of themselves and proposed classes of individuals under The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the New York State Fair Credit Reporting Act ("NY FCRA"), N.Y.

Gen. Bus. Law § 380 *et seq*., the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*., and Article 23-A of the New York State Correction Law ("Correction Law"), N.Y. Corr. Law § 750 *et seq*.  Defendants deny the remaining allegations in Paragraph 1 of the FAC, and specifically deny that Plaintiffs are "similarly situated" to anyone, that Plaintiffs' claims can be maintained as a class action, and that Defendants violated any federal, state, city/municipal, or any other law.

2. Defendants admit only that Plaintiffs applied for employment with MSG, that MSG gave Plaintiffs conditional offers of employment contingent on, among other things, the results of their background checks, and that MSG obtained background checks on Plaintiffs. Defendants deny the remaining allegations in Paragraph 2 of the FAC.

3. Defendants deny the allegations in Paragraph 3 of the FAC.

4. Defendants deny the allegations in Paragraph 4 of the FAC.

5. Defendants deny the allegations in Paragraph 5 of the FAC.

6. Defendants deny the allegations in Paragraph 6 of the FAC.

7. Defendants deny the allegations in Paragraph 7 of the FAC.

8. Defendants admit that Plaintiffs purport to seek statutory damages, other monetary damages, and injunctive and/or declaratory relief as set forth in Paragraph 8 of the FAC on behalf of themselves and proposed classes of individuals.  Defendants deny the remaining allegations in Paragraph 8 of the FAC, and specifically deny that Plaintiffs are "similarly situated" to anyone, that Plaintiffs' claims can be maintained as a class action, and that Plaintiffs are entitled to any of the relief that they seek.

## **RESPONSES TO "STATUTORY BACKGROUND"**

9. Defendants admit that Paragraph 9 of the FAC quotes a portion of the New York Corrections Law, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC.

11. Defendants admit that Paragraph 11 of the FAC quotes a portion of the NYCHRL, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

12. The allegations in Paragraph 12 of the FAC state conclusions of law and purport to characterize portions of the NYCHRL, the terms of which speak for themselves; therefore, Defendants deny Plaintiffs' description and/or characterization of the referenced law.

13. The allegations in Paragraph 13 of the FAC state conclusions of law and purport to characterize portions of the NYCHRL, the terms of which speak for themselves; therefore, Defendants deny Plaintiffs' description and/or characterization of the referenced law.

14. Defendants deny the allegations in Paragraph 14 of the FAC.

15. The allegations in Paragraph 15 of the FAC state conclusions of law and purport to characterize portions of the NYCHRL, the terms of which speak for themselves; therefore, Defendants deny Plaintiffs' description and/or characterization of the referenced law.

16. Defendants admit that Paragraph 16 of the FAC quotes a portion of the FCRA, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the FAC.

### RESPONSES TO "JURISDICTION AND VENUE"

18. Defendants admit only that the United States District Court for Southern District of New York has jurisdiction over Plaintiffs' claims. Defendants deny the remaining allegations in Paragraph 18 of the FAC.

19. Defendants admit only that venue is proper in the United States District Court for the Southern District of New York. Defendants deny the remaining allegations in Paragraph 19 of the FAC.

20. Defendants deny the allegations in Paragraph 20 of the FAC.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC.

### RESPONSES TO "PARTIES"

22. The allegations in Paragraph 22 of the FAC are conclusions of law to which no response is required.

23. Defendants admit the allegations in Paragraph 23 of the FAC.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the FAC.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the FAC.

26. Defendants admit the allegations in Paragraph 26 of the FAC.

27. Defendants deny the allegations in Paragraph 27 of the FAC. By way of further response, Defendants state that the principal place of business of MSGN Holdings, L.P. is 11 Pennsylvania Plaza, New York, New York 10001.

28. Defendants deny the allegations in Paragraph 28 of the FAC.

29. Defendants deny the allegations in Paragraph 29 of the FAC.

30. The allegations in Paragraph 30 of the FAC are conclusions of law to which no response is required.

## RESPONSES TO THE "STATEMENT OF FACTS"

31. Defendants admit only that Plaintiff Millien applied for a position with MSG and that on July 13, 2015, an MSG recruiter sent Plaintiff Millien an e-mail confirming that he was scheduled to be interviewed for a Food Worker/Prep position the next day. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 31 of the FAC.

32. Defendants admit only that following Plaintiff Millien's receipt of a conditional offer of employment for the Food Worker/Prep position, MSG sent Plaintiff Millien a link to Sterling Backchecks' (a consumer reporting agency that conducts background checks at the request of Defendants, hereinafter "Sterling")) online portal so that he could consent to a background check and provide additional information about himself. Through Sterling's online portal, Plaintiff Millien was asked to disclose prior criminal convictions reportable under New York law and provide the relevant details surrounding each reportable conviction. Defendants further admit that Plaintiff Millien disclosed a misdemeanor conviction in Queens, New York that was disposed of in September 2009, but failed to disclose a second misdemeanor conviction

in Bronx County, New York for which he was sentenced to serve five months in jail in 2008. Defendants deny the remaining allegations in Paragraph 32 of the FAC.

33. Defendants admit only that Mr. Millien was interviewed on or about July 14, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the FAC.

34. Defendants admit only that, following his interview on July 14, 2015, MSG gave Plaintiff Millien a conditional offer of employment, which was subject to the results of his criminal background check. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the FAC.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the FAC.

36. The allegations in Paragraph 36 of the FAC regarding a July 14, 2015 e-mail refer to a written document, which speaks for itself; therefore, Defendants deny any description or characterization of the referenced document. Defendants admit that Plaintiff Millien took and passed a drug test.

37. Defendants admit the allegations in Paragraph 37 of the FAC.

38. Defendants admit only that, after providing Mr. Millien with a legally compliant pre-adverse action notice and a reasonable time to contest the information in his background check report, they informed Plaintiff Millien that his conditional offer of employment was being rescinded as a result of the inaccurate information he provided to MSG when asked to disclose reportable criminal convictions. Specifically, Plaintiff Millien failed to disclose a misdemeanor conviction in Bronx County, New York, for which he was sentenced to serve five months in jail in 2008. Defendants deny the remaining allegations in Paragraph 38 of the FAC.

39. Defendants deny the allegations in Paragraph 39 of the FAC.

40. Defendants deny the allegations in Paragraph 40 of the FAC.

41. Defendants deny the allegations in Paragraph 41 of the FAC.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the FAC.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the FAC.  Defendants further deny any implication that Mr. Millien may have only first received a copy of his consumer report and a statement of his rights under the FCRA on or about May 5, 2017.

44. Defendants deny the allegations in Paragraph 44 of the FAC.

45. Defendants admit that Plaintiff Kelly applied for a food preparation position, among other positions, with MSG on or about July 18, 2015.  Defendants deny the remaining allegations in Paragraph 45 of the FAC.

46. Defendants admit the allegations in Paragraph 46 of the FAC.

47. Defendants admit only that, following his interview on July 24, 2015, MSG gave Plaintiff Kelly a conditional offer of employment, which was subject to the results of his criminal background check.  Defendants deny the remaining allegations in Paragraph 47 of the FAC.

48. Defendants admit the allegations in Paragraph 48 of the FAC.

49. Defendants admit the allegations in Paragraph 49 of the FAC.

50. Defendants admit only that they informed Plaintiff Kelly that his conditional offer of employment was being rescinded as a result of the inaccurate information he provided to MSG when asked to disclose reportable criminal convictions.  Specifically, Plaintiff Kelly failed

to disclose a 2010 misdemeanor conviction in Bronx County, New York. Defendants deny the remaining allegations in Paragraph 50 of the FAC.

51. Defendants deny the allegations in Paragraph 51 of the FAC.

52. Defendants deny the allegations in Paragraph 52 of the FAC.

53. Defendants deny the allegations in Paragraph 53 of the FAC.

54. Defendants deny the allegations in Paragraph 54 of the FAC.

55. Defendants admit that Mr. Kelly received a copy of his consumer report. Defendants deny the remaining allegations in Paragraph 55 of the FAC.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the FAC.

57. Defendants deny the allegations in Paragraph 57 of the FAC.

## RESPONSES TO FACTUAL ALLEGATIONS REGARDING PURPORTED CLASS MEMBERS
### Response to "The NYCHRL"

58. Defendants admit that Paragraph 58 of the FAC quotes a portion of the NYCHRL, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

59. Defendants admit that Paragraph 59 of the FAC summarizes a portion of the Article 23-A, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

60. Defendants admit that Paragraph 60 of the FAC summarizes a portion of the Article 23-A, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

61. The allegations in Paragraph 61 of the FAC state conclusions of law and purport to characterize portions of the NYCHRL, the terms of which speak for themselves; therefore, Defendants deny Plaintiffs' description and/or characterization of the referenced law.

62. The allegations in Paragraph 62 of the FAC state conclusions of law and purport to characterize portions of the NYCHRL, the terms of which speak for themselves; therefore, Defendants deny Plaintiffs' description and/or characterization of the referenced law.

63. Defendants deny the allegations in Paragraph 63 of the FAC.

64. Defendants deny the allegations in Paragraph 64 of the FAC.

65. Defendants admit that Paragraph 65 of the FAC quotes portions of the New York City Commission on Human Rights Guidance, a document which speaks for itself, about the Fair Chance Act, which is not the subject of this suit. Defendants deny any suggestion that this limited citation to one portion of the Guidance accurately characterizes its entire content. Defendants deny the remaining allegations in Paragraph 65 of the FAC.

66. Defendants deny the allegations in Paragraph 66 of the FAC.

67. Defendants deny the allegations in Paragraph 67 of the FAC.

68. Defendants deny that MSG had a "policy of discriminating against individuals with criminal records" or engaged in any conduct that "frustrat[ed]" any public policy or otherwise violated any law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of the FAC.

**Responses to "The Fair Credit Reporting Act"**

69. Defendants admit that Paragraph 69 of the FAC quotes a portion of the FCRA, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

70. Defendants admit that Paragraph 70 of the FAC summarizes a portion of the FCRA, a document which speaks for itself.  Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

71. Defendants admit that Paragraph 71 of the FAC quotes a portion of the FCRA, a document which speaks for itself.  Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

72. Defendants admit that Paragraph 72 of the FAC quotes a portion of the FCRA, a document which speaks for itself.  Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

73. Defendants deny the allegations in Paragraph 73 of the FAC.

74. Defendants deny the allegations in Paragraph 74 of the FAC.

75. Defendants deny the allegations in Paragraph 75 of the FAC.

76. Defendants deny the allegations in Paragraph 76 of the FAC.

77. Defendants deny the allegations in Paragraph 77 of the FAC.

78. Defendants deny the allegations in Paragraph 78 of the FAC.

### Responses to "The NY FCRA"

79. Defendants admit that Paragraph 79 of the FAC quotes a portion of the NY FCRA, a document which speaks for itself.  Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

80. Defendants admit that Paragraph 80 of the FAC quotes a portion of the New Corrections Law, a document which speaks for itself.  Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content.

81. Defendants deny the allegations in Paragraph 81 of the FAC.

82. Defendants deny the allegations in Paragraph 82 of the FAC.

83. Defendants admit that Paragraph 83 of the FAC summarizes a portion of the New Corrections Law, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content and/or has any application to this case and specifically deny that MSG violated any law in connection with its decision not to hire Mr. Millien and Mr. Kelly.

84. Defendants admit that Paragraph 84 of the FAC summarizes a portion of the New Corrections Law, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content and/or has any application to this case and specifically deny that MSG violated any law in connection with its decision not to hire Mr. Millien and Mr. Kelly.

85. Defendants admit that Paragraph 85 of the FAC summarizes a portion of the New Corrections Law, a document which speaks for itself. Defendants deny any suggestion that this limited citation to one portion of the law accurately characterizes its entire content and/or has any application to this case and specifically deny that MSG violated any law in connection with its decision not to hire Mr. Millien and Mr. Kelly.

86. Defendants deny the allegations in Paragraph 86 of the FAC.

87. Defendants deny the allegations in Paragraph 87 of the FAC.

88. Defendants deny the allegations in Paragraph 88 of the FAC.

89. Defendants deny the allegations in Paragraph 89 of the FAC.

90. Defendants deny the allegations in Paragraph 90 of the FAC.

91. Defendants deny the allegations in Paragraph 91 of the FAC.

## **RESPONSES TO "CLASS ACTION ALLEGATIONS"**

92. Defendants admit only that Plaintiffs purport to bring this action as a class action on behalf of the three classes of individuals specified in Paragraphs 93-95 of the FAC. Defendants deny that the purported classes of referenced individuals are appropriate for class treatment, deny that Plaintiffs' claims can be maintained as a class action, and deny the remaining allegations in Paragraph 92 of the FAC.

93. Defendants admit only that Plaintiffs purport to bring this action as a class action on behalf of the class of individuals specified in Paragraph 93 of the FAC. Defendants deny that the purported class of referenced individuals is appropriate for class treatment, deny that Plaintiffs' claim under the FCRA can be maintained as a class action, and deny the remaining allegations in Paragraph 93 of the FAC.

94. Defendants admit only that Plaintiffs purport to bring this action as a class action on behalf of the class of individuals specified in Paragraph 94 of the FAC. Defendants deny that the purported class of referenced individuals is appropriate for class treatment, deny that Plaintiffs' claim under the NY FCRA can be maintained as a class action, and deny the remaining allegations in Paragraph 94 of the FAC.

95. Defendants admit only that Plaintiffs purport to bring this action as a class action on behalf of the class of individuals specified in Paragraph 95 of the FAC. Defendants deny that the purported class of referenced individuals is appropriate for class treatment, deny that Plaintiffs' claim under the NYCHRL can be maintained as a class action, and deny the remaining allegations in Paragraph 95 of the FAC.

96. Defendants admit only that Plaintiffs purport to refer to the classes of individuals referenced in Paragraphs 93-95 of the FAC as "Class Members." Defendants deny that the

purported classes of individuals specified in Paragraphs 92-95 are appropriate for class treatment, deny that Plaintiffs' claims can be maintained as a class action, and deny the remaining allegations in Paragraph 96 of the FAC.

97.     Defendants admit only that Plaintiffs purport to reserve their rights to amend the proposed classes of individuals they seek to represent in Paragraphs 93-95 of the FAC. Defendants deny the remaining allegations in Paragraph 97 of the FAC.

98.     Defendants admit only that MSG is a New York employer.  Defendants deny the remaining allegations in Paragraph 98 of the FAC.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint, including those contained in subparts (a)-(h), and specifically deny that Plaintiffs' claims can be maintained as a class action.

100.    Defendants deny the allegations in Paragraph 100 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

101.    Defendants deny the allegations in Paragraph 101 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

102.    Defendants deny the allegations in Paragraph 102 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

103.    Defendants deny the allegations in Paragraph 103 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

104.    Defendants deny the allegations in Paragraph 104 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

105.    Defendants deny the allegations in Paragraph 105 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

106. Defendants deny the allegations in Paragraph 106 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

107. Defendants deny the allegations in Paragraph 107 of the FAC, and specifically deny that Plaintiffs' claims can be maintained as a class action.

## RESPONSES TO "CAUSES OF ACTION"

## FIRST CLAIM FOR RELIEF

108. Defendants incorporate by reference their answers set forth in Paragraphs 1 through 107, above.

109. Defendants deny the allegations in Paragraph 109 of the FAC.

110. Defendants deny the allegations in Paragraph 110 of the FAC.

111. Defendants deny the allegations in Paragraph 111 of the FAC.

112. Defendants deny the allegations in Paragraph 112 of the FAC.

113. Defendants deny the allegations in Paragraph 113 of the FAC, including those contained in subparts (a)-(f).

114. Defendants deny the allegations in Paragraph 114 of the FAC.

115. Defendants deny the allegations in Paragraph 115 of the FAC.

116. Defendants deny the allegations in Paragraph 116 of the FAC, including those contained in subparts (a)-(d).

117. Defendants deny the allegations in Paragraph 117 of the FAC.

118. Defendants deny the allegations in Paragraph 118 of the FAC.

## SECOND CLAIM FOR RELIEF

119. Defendants incorporate by reference its answers set forth in Paragraphs 1 through 118, above.

120. Defendants deny the allegations in Paragraph 120 of the FAC.

121. Defendants deny the allegations in Paragraph 121 of the FAC.

122. Defendants deny the allegations in Paragraph 122 of the FAC.

123. Defendants deny the allegations in Paragraph 123 of the FAC.

124. Defendants deny the allegations in Paragraph 124 of the FAC, including those contained in subparts (a)-(c).

125. Defendants deny the allegations in Paragraph 125 of the FAC.

126. Defendants deny the allegations in Paragraph 126 of the FAC.

### THIRD CLAIM FOR RELIEF

127. Defendants incorporate by reference their answers set forth in Paragraphs 1 through 126, above.

128. Defendants admit only that they rescinded Plaintiff Millien's and Plaintiff Kelly's conditional offers of employment because, prior to the procurement of their background checks, they provided inaccurate information to MSG when asked to disclose reportable criminal convictions.  Specifically, Plaintiff Millien failed to disclose a 2008 misdemeanor conviction in Bronx County, New York for which he was sentenced to serve five months in jail and Plaintiff Kelly failed to disclose a 2010 misdemeanor conviction in Bronx County, New York. Defendants deny the remaining allegations in Paragraph 128 of the FAC.

129. Defendants admit only that they rescinded Plaintiff Millien's and Plaintiff Kelly's conditional offers of employment because, prior to the procurement of their background checks, they provided inaccurate information to MSG when asked to disclose reportable criminal convictions.  Specifically, Plaintiff Millien failed to disclose a 2008 misdemeanor conviction in Bronx County, New York for which was sentenced to serve five months in jail and Plaintiff

Kelly failed to disclose a 2010 misdemeanor conviction in Bronx County, New York. Defendants deny the remaining allegations in Paragraph 129 of the FAC, and specifically deny that they were required to evaluate the factors outlined in Article 23-A of the Correction Law before rescinding Plaintiffs' conditional offers of employment.

130. Defendants deny the allegations in Paragraph 130 of the FAC.

131. Defendants deny the allegations in Paragraph 131 of the FAC.

### RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs or any of the putative classes are entitled to any relief, including the relief sought in the Wherefore Clause (including subparts (a) through (j)) of the FAC.

### RESPONSE TO JURY DEMAND

Defendants admit only that Plaintiffs purport to demand a trial by jury.

### DEFENSES

Without admitting any of the allegations in the FAC, and without admitting or acknowledging that Defendants bear any of the burdens of proof as to any of them, Defendants assert the following additional defenses. Defendants intend to rely upon any additional defenses that become available during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such further defenses. These defenses also apply to the claims of some or all of the classes of allegedly similarly situated persons.

1. Plaintiffs lack standing under Article III to bring any of their claims. Among other things, Plaintiffs cannot show an injury-in-fact or any connection between any alleged injury and the conduct complained of in the FAC.

2. Plaintiffs Millien and Kelly lack standing to represent any of the classes identified in the FAC.

3. This action cannot be maintained as a class action because Plaintiffs seek to certify a putative class that consists of members who lack Article III standing and have not suffered any injury-in-fact as a result of any Defendants act or omission. Defendants are not liable to Plaintiffs because Defendants did not willfully fail to comply with any FCRA or NY FCRA requirement.

4. Plaintiffs' claims are barred, in whole or in part, by the equitable theories of estoppel, waiver and unclean hands.

5. To the extent Plaintiffs and/or the putative class seeks damages from Defendants, any such claim for damages is barred by the failure to mitigate damages.

6. This action cannot be maintained as a class action because the certification and maintenance of this action as a class would violate Defendants' due process rights.

7. This action cannot be maintained as a class action because the named Plaintiffs and the putative class cannot satisfy the requirements of Fed. R. Civ. P. 23.

8. If Plaintiffs suffered injuries or damages as alleged, which Defendants deny, their claims for relief are barred because such damages were the result of Plaintiffs' own conduct.

9. Plaintiffs' claims under the NY FCRA and NYCHRL are barred to the extent that they are preempted by the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681 *et seq*.

10. Plaintiffs' claims under the NYCHRL are barred because they intentionally misrepresented their criminal background.

11. Defendants hereby give notice that they intend to rely upon any other additional defense(s) that is now or may become available, or appear during, or as a result of discovery

proceedings in this action, and hereby reserve their right to amend their Answer to assert such defense(s). Defendants also reserve the right to assert such other and related defenses as may become available in the event of a determination that the action or some part thereof is governed by the substantive law of any State whose law is or becomes relevant in the course of this action.

**WHEREFORE,** Defendants respectfully request that this Court dismiss Plaintiffs' First Amended Class Action Complaint with prejudice, enter judgment in favor of Defendants, and award Defendants their costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: June 26, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Sam S. Shaulson*
Sam S. Shaulson, Bar No. 2611457
sam.shaulson@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
+1.212.309.6000
+1.212.309.6001

Paul C. Evans
paul.evans@morganlewis.com
1700 Market Street
Philadelphia, PA 19103
+215-963-5431
+215-963-5001

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby affirm that I caused to be served a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiffs' FAC by via ECF, this 26th day of June 2017 on:

Ossai Miazad
Lewis M. Steel
Christopher M. McNemey
Chauniqua D. Young
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017

Youth Represent
Michael C. Pope
Eric Eingold
11 Park Place, Suite 1512
New York, NY 10007

*Attorneys for Plaintiffs*

*/s/ Sam S. Shaulson*
Sam S. Shaulson