

May 9, 2018

**VIA ECF**
Magistrate Judge Henry B. Pitman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *Millien, et al. v. The Madison Square Garden Co., et al.*, No. 17 Civ. 4000 (S.D.N.Y.)

Dear Judge Pitman:

      We represent Plaintiffs in the above-captioned putative class action on behalf of applicants who were denied job opportunities pursuant to Madison Square Garden Company and MSGN Holdings, L.P.'s (collectively, "MSG" or "Defendants") criminal history background check policies and practices.  We write in advance of the May 18, 2018, discovery conference to raise an additional discovery dispute.

      For the past three months, Plaintiffs have attempted to negotiate ESI production within a reasonable timeline and have pressed upon MSG that fact discovery is set to close on June 12, 2018.  Despite ongoing requests and follow-up by Plaintiffs, MSG has refused to provide the information necessary for Plaintiffs to engage in informed negotiations over search protocol while also failing to produce ESI for a single custodian until yesterday evening.  Even yesterday's limited production, pulled from a single custodian, has significant deficiencies and is illustrative of the inexplicable delay in producing documents even when there is no dispute as to their discoverability.[1]  Plaintiffs respectfully request that the Court establish a timetable for ESI negotiations and production so that Plaintiffs can receive necessary evidence for their class certification motion.  With little over one month remaining in the discovery period, this information is a crucial predicate to all aspects of discovery including Rule 30(b)(6) and fact depositions and expert analysis of Defendants' policies and practices.

**I.    MSG's Pattern of Delay Requires a Court-ordered Timeline for ESI Discovery.**

      The parties agreed to and the Court entered a protocol on ESI production on October 2, 2017.  ECF No. 33.  Defendants made a modest initial document production on January 5, 2018.

---

[1]     While Plaintiffs are in the process of reviewing the production, many of the documents appear to be hard copy files of one of the individuals directly involved in the background check process and should have been produced many months ago.

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**Chicago**  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011
**San Francisco**  One Embarcadero Center  38th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington, DC**  601 Massachusetts Ave NW  Second Floor West Suite  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

The Honorable Henry B. Pitman
May 9, 2018
Page 2 of 5

Plaintiffs followed-up immediately with correspondence on January 9, 2018 and initiated a meet and confer on January 12, 2018. *See* Ex. A (Jan. 9, 2018 Email from Daniel Stromberg). Defendants' counsel explained that Defendants were having an issue with converting a prior email system, but stated that e-mails from the current system were producible and would be produced. The parties held a follow-up meet and confer on January 25, 2018 wherein Defendants' counsel agreed to provide Plaintiffs with its proposed search protocol and an update on the status of document retrieval by February 2, 2018. Not having received the information, Plaintiffs followed up on February 7 and 15, 2018. *See* Exs. B (Feb. 07, 2018 Email from Ossai Miazad) and C (Feb. 15, 2018 Email from Ossai Miazad). On February 22, 2018, Defendants' counsel responded that they were preparing to run their proposed search terms and then would share a hit list which they anticipated would be in the next two weeks. *See* Ex. D (Feb. 22, 2018 Email from Keri Engelman). Concerned about the pace of discovery, Plaintiffs wrote to Defendants on February 26, 2018, noting that the parties were over half-way through the discovery period and production of MSG's proposed search terms and restrictions was critical. *See* Ex. E (Feb. 26, 2018 Email from Ossai Miazad). Plaintiffs requested: (1) an expedited hit list, but asked that Defendants prioritize providing the proposed search terms for Plaintiffs' input; and (2) reiterated their request for production of organizational charts to aid in the process of selecting custodians. *Id*.

Despite repeated requests, it was not until March 13, 2018, shortly before the parties' ESI meet and confer, that Defendants finally sent their draft search terms and restrictions. During the meet and confer, Defendants stated that their search was limited to nine custodians. Although Plaintiffs believed that additional custodians needed to be added based on MSG's organizational charts and information provided about the relevance of additional custodians, *see* Ex. F (March 6, 2018 Email from Ossai Miazad) (proposing additional custodians), on March 16, 2018, Plaintiffs urged Defendants to start rolling production on the custodians MSG had identified using its own proposed search terms while also stressing the need for quantitative and qualitative validation to inform negotiation of search terms.[2] *See* Ex. J (March 16, 2018 Email from Ossai Miazad). This critical validation process remains incomplete. Defendants have ignored every one of Plaintiffs' communications requesting testing of recall on the terms and Plaintiffs' proposed search terms, instead relying on the precision calculation by itself.[3] Plaintiffs continue

---

[2]    Plaintiffs provided additional proposed search terms on March 20, 2018. Ex. G (March 20, 2018 Email from Ossai Miazad). Defendants produced hit reports on Plaintiffs' terms on March 22, 2018, while also stating that they did not agree to use the terms, to which Plaintiffs immediately responded with follow-up questions. *See* Ex. H (March 23, 2018 Email from Daniel Stromberg). Defendants provided partial information on March 29, 2018, so Plaintiffs followed up the same day. Ex. I (March 29, 2018 Email from Daniel Stromberg). Despite several follow-up e-mails, Defendants did not respond until April 19, 2018.

[3]    On March 29, 2018, and April 19, 2018, Defendants provided calculations to show the precision of Defendants' proposed search terms. That is, the rate at which documents identified by the search terms are relevant and false positives are excluded. While Defendants also provided the precision rate of culled ESI, Plaintiffs have repeatedly requested recall measurements to show the effectiveness of the search, as well as characteristics of relevant ESI not returned by Defendants' search terms. Recall, the measurement of relevant documents identified by a search, is of greater importance in determining the sufficiency of a search, whereas precision is a necessary metric to balance that sufficiency within a proportionality

to be amenable to a search process that is justifiably validated by data.

ESI discovery is particularly critical here, because traditional document search methods have yielded so little.  Prior to yesterday's production, MSG produced only approximately 18 documents that relate to companywide policies or practices, 11 of which are general monthly newsletters relating to employment law changes nationwide, and five of which are repeats, plus approximately 32 documents relating to the two named Plaintiffs' individual employment applications, many of which are single page screen shots of the Sterling database.  The non-policy companywide documents are comprised of: (1) organizational charts, job descriptions and blank application forms; (2) templates of pre-adverse and adverse action letters and Fair Credit Reporting Act ("FCRA") and Article 23-A notices; (3) two New York State Human Rights complaints and accompanying files; and (4) contracts with consumer reporting agencies.

Today, over three months after Plaintiffs initiated ESI discussions, the parties have not reached agreement on the structure and details of the ESI document production process and Plaintiffs still await meaningful ESI production, accordingly we request the Court's assistance.

II.     **Defendants' Delays in ESI Production Have Impacted All Aspects of the Discovery Schedule.**

Every aspect of discovery has been impacted by Defendants' delay in producing ESI.  Plaintiffs were forced to cancel two noticed depositions of MSG witnesses and have been unable to reschedule those depositions due to the uncertainty as to *when* ESI will be produced.[4]  Requests for admission, currently due next Monday, also are premature given that no depositions have taken place and no ESI discovery has been produced.  Likewise, given the limited paper discovery, Plaintiffs have been forced to delay any expert analysis of Defendants' policies and practices (and their alleged business necessity) until ESI has been provided for the custodians identified as possessing information relevant to the challenged policies and practices.[5]

---

assessment.

[4]     In an effort to try to break through the delay and move discovery forward, on March 30, 2018, Plaintiffs proposed prioritizing two custodians, Larry Kelly, former Compliance Manager and David Weiss, Director of Policy and Compliance, and noticed their depositions for April 27, 2018 and May 2, 2018, respectively.  Plaintiffs asked that Defendants produce relevant ESI at least one week before Mr. Kelly's and Mr. Weiss's depositions.  *See* Ex. K (March 30, 2018 Email from Ossai Miazad).  Plaintiffs first received a production for Mr. Kelly yesterday evening (more than a month later) and still have no documents for Mr. Weiss.

[5]     Defendants' have caused other notable delays which have slowed the discovery process.  For example, while Plaintiffs first requested applicant data on September 6, 2017, Defendants did not produce that data until February 8, 2018, and it was missing several crucial fields including race information for establishing disparate impact.  On March 22, 2018, Defendants produced race information, but the data still lacked information as to whether FCRA pre- and post-adverse action notices were sent.  This information still has not been produced, despite MSG's assurance that it would work with its consumer reporting agency, Sterling Backcheck, Inc ("Sterling"), to provide applicant data—necessitating Plaintiffs' subpoena of Sterling.  Plaintiffs have learned through their meet and confers with Sterling that:

The Honorable Henry B. Pitman
May 9, 2018
Page 4 of 5

Because of Defendants' dilatory conduct, Plaintiffs respectfully request that the Court enter an order governing the discovery/ESI production.

### III. Plaintiffs Ask for Rolling Production to Start Immediately.

Plaintiffs respectfully propose the following schedule, which will allow for rolling production, review time, and depositions once documents are produced:

| Item | Target Dates |
| --- | --- |
| MSG provides complete information related to validation of search terms | May 25, 2018 |
| Parties meet and confer on search terms and custodians | May 30, 2018 |
| MSG produces ESI on a weekly rolling basis, and Plaintiffs review the rolling productions | Beginning no later than June 1, 2018 to be completed by June 29, 2018 |
| Plaintiffs take Rule 30(b)(6) and fact depositions | July – August 2018 |
| Close of Fact Discovery | September 12, 2018 |

Should the Court adopt Plaintiffs' proposal for rolling ESI production, an extension of the discovery schedule also would be necessary.  This would be the first extension of the discovery schedule, and Plaintiffs have emailed Defendants for their position on such an extension.  Once Defendants respond, Plaintiffs will submit a formal request for an extension of the discovery schedule.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Ossai Miazad
Ossai Miazad
**OUTTEN & GOLDEN LLP**
Lewis M. Steel
Christopher M. McNerney
Cheryl-Lyn Bentley
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

---

(1) Sterling *has* pre- and post- adverse action notice data; and (2) Defendants inexplicably failed to include that information in the request for applicant data.

Compounding problems with the data, Defendants also did not provide information as to the reason(s) why an individual was denied employment (including whether it was because of a purported failure to disclose their criminal history).  This necessitated Plaintiffs' request (in their April 16, 2018 discovery motion to the Court) for the production of class member consumer reports—the one reliable method Plaintiffs have identified for determining the basis for an individual's denial of employment.

The Honorable Henry B. Pitman
May 9, 2018
Page 5 of 5

        Cristina Schrum-Herrera (*pro hac vice*)
        One Embarcadero Center, 38th Floor
        San Francisco, CA 94111
        Telephone: (415) 638-8800
        Facsimile: (415) 638-8810

        **YOUTH REPRESENT**
        Michael C. Pope
        Eric Eingold
        11 Park Place, Suite 1512
        New York, NY 10007
        Telephone: (646) 759-8080
        Facsimile: (646) 217-3097

        *Attorneys for Plaintiffs and the Putative Classes*

cc:    All Counsel of Record (via email)