# Exhibit F

| | |
|---|---|
| **From:** | Miazad, Ossai <om@outtengolden.com> |
| **Sent:** | Tuesday, March 6, 2018 4:08 PM |
| **To:** | Engelman, Keri L.; Evans, Paul C. |
| **Cc:** | Bentley, Cheryl-Lyn; McNerney, Christopher; Schrum-Herrera, Cristina; Michael Pope; Eric Eingold; Stromberg, Daniel |
| **Subject:** | RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production |

Keri – Unfortunately, Thursday does not work for us. We are available Monday, March 12 between 12:30 and 3:30.  Let me know if there is a time in that window that works on your end.

We would appreciate you sending the search terms and hit repost as soon as possible. In terms of burden of any search terms, the appropriateness and utility of a given search term should not be measured by a hit report. Though informative to the breadth of a term or terms, it is imperative to test and validate terms, whether proposed by a requesting or producing party, to determine whether or not they are overbroad or not broad enough. Through such a process, both parties will be able to make informed and specific measures to ensure that an appropriate corpus of ESI is being captured. Alternatively, as we mentioned, Plaintiffs are amenable to Defendant's utilization of a TAR methodology, which would necessitate similar validation.

As far as burden is concerned, if there is to be a discussion of proportionality, of which burden is one element, Plaintiffs would need to know an exact, calculated burden in order to make a realistic assessment.

On custodians, in addition to the 9 previously identified by Defendant, Plaintiffs initial list based on the organizational charts you sent on March 1 and other information provided about their potential relevance to the case are as follows:

Lisa Nadler
Lainie Doherty
Ann Jackson
Ravena Valentine
John McNally
David Cohen
Kathryn Auger
Ana Agneshwar
Maritza Evans
Sean Lapham
Jennifer Reaven
Shari Holtzman
Britt Kaplan
Geralyn Callahan
Kimberly Quinonez
Christian De La Vega
Monique Ruiz
Marilena Iocco
Kate Sammis
Danielle Berman
Matthew Resnick
Susana Chavez
Maritza Evans
Stamatia Chalos
Ameya Kalla
Dulci Oleo

In addition we ask that all individuals serving as recruiters be identified as custodians.  Defendant has previously objected to this request based on burden without providing any information on the total number of recruiters although we made that request many weeks ago.  The recruiters are on the frontline of communicating with job applicants including around issues related to their background check and much of that communication appears to happen through a central applicant tracking system (iCIM).  Plaintiffs' position is that absent some showing and agreement otherwise they should be included.

We also ask that you identify any other individuals who were in the positions held by the individual custodians named above or in Defendant's custodian list during the class period by name, title and dates of employment.

Thanks, Ossai

**Ossai Miazad**
**646-825-9817**

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Tuesday, March 6, 2018 1:37 PM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

What is your availability for a call on Thursday between 10:00 and 11:30 a.m. and after 1:30 p.m. to discuss your proposal below?  In addition, in advance of the call, we will share some preliminary thoughts on proposed search terms along with a hit report.  However, because we have not yet completed the collection of the relevant e-mails, the hit report is not complete.  Because we do not know if these terms will yield overly-burdensome results when run against the entire universe of ESI, we do not yet agree to utilize these search terms; we only share them at this juncture in an effort to begin discussions.  We look forward to speaking with you later this week.

Thanks,
Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110
Direct: +1.617.341.7828 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Kerrin A. Kelsey | +1.617.341.7801 | kerrin.kelsey@morganlewis.com
*Admitted in PA and NJ only; Practice Supervised by MA Bar Members

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Thursday, March 1, 2018 3:13 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric

Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Keri,

Thanks for sending the organizational charts, we will review and also look out for the supplemental production next week.  On the issue of search terms, while terms cannot be run across the entire contemplated document universe until those mailboxes are collected and processed, we can have an informed discussion about the merits and sufficiency of terms, as well as assess the metrics of those terms across the email that is ready to be searched. To the latter point, while there will be differences between the collections, big picture validation metrics such as recall can be measured using the documents that are ready.  Alternatively, given the potential size of the ESI universe, it makes sense to consider TAR as an alternative to search terms. While a properly validated set of search terms may prove efficient and sufficient, TAR may prove to be more so. How best to search MSG's ESI is certainly in your purview, but Plaintiffs are open to a discussion about TAR, and will be amenable to most current defensible TAR approaches. As with search terms, Plaintiffs believe that discussion around and initiating testing of TAR should proceed with the ESI that is already searchable.  Please let us know times early next week when you are available for a meet and confer on ESI.  We ask that in advance of that call you share your proposed search terms.

Regards, Ossai

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Thursday, March 1, 2018 12:18 AM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

Paul and I are traveling this week, so we will provide a more fulsome response to your e-mail when we return to the office.  In the meantime, as we have previously explained to you, we have faced significant hurdles with collecting e-mails from MSG's prior system and have been working through those issues as quickly as possible.  We just recently found a way to collect the e-mails from the prior system and are in the process of doing so now.  Once the e-mails are collected and loaded onto our system, which we hope will occur within the next couple of weeks, we will apply the search terms promptly and share those results with you.  Applying proposed search terms to the e-mails that we have collected from the new system would provide little value given the volume of e-mails located on the prior system.  However, to the extent you would like to begin the process of negotiating search terms, please feel free to provide us with any proposed terms that you may have and we will consider them.

We plan to produce to you some additional documents next week, but in the meantime and subject to the Protective Order, I have attached the HR Organizational Chart that was in existence at the time Plaintiffs applied for employment.  We will also include this document in the forthcoming production.  If you identify additional custodians based on this Organizational Chart, please propose them to us.  Also, please note that Nancy Danahy's title is VP of People Acquisition and we have also identified Ana Agneshwar as a custodian (former Senior Director of Talent Acquisition) and thus we are collecting her e-mails as well.

Lastly, we note that we have already discussed with you each category of documents that you propose we collect for the pre-discovery period.

Thanks,

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5100 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Joanne M. D'Angelo | +1.215.963.5623 | joanne.dangelo@morganlewis.com

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Monday, February 26, 2018 6:09 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Keri,

We appreciate the follow-up. We are however over half way through the discovery period without sufficient responses from MSG to key areas of discovery served many months ago.

On ESI, you previously agreed to produce a list of your proposed search terms and restrictions for our input. We have not received that information. We do not object to MSG running its keywords to generate a hit list to share with us. However, in our experience that list takes minutes to generate, not weeks. Please provide MSG's proposed search terms and restrictions immediately.  We also ask that you expedite generating the hit lists, but not at the expense of providing the search terms to us for input.

Also pressing is the fact that we have not yet agreed to a process for selecting custodians. As we have always indicated, Plaintiffs would likely identify additional custodians.  MSG still has not produced organizational charts that would allow Plaintiffs to have informed discussions about custodian selection. We ask that Defendant supplement its document production with organizational charts, including corporate level charts for the entire organization.  We again request organizational charts for HR (and any sub-units, i.e. HR Systems and Operations group, HR Compliance Dept., HR Business Partner group; People Investment; People Acquisitions; People Practices), Legal and any other part of the organization that deals with or interacts with the background check process in any way.  Please provide these organizational charts by Thursday, March 1.  MSG previously identified only nine custodians. We requested the titles and basis for selection which MSG provided largely through supplemental interrogatory responses served on February 8, 2018. We still do not have this information for one of the nine custodians, Ms. Danahy. Please provide Ms. Danahy's job title and the basis for identifying her as a custodian. We would also like to confirm that for each selected custodian, you intend to collect emails from the current email system, in addition to the prior system.

We are still waiting on a response to our proposed compromise on information to be searched before the class period.  This is an issue that we need to resolve immediately or take to the Court for guidance.  Please get back to us by Wednesday, February 28th.

We also have not heard from you on the issue we raised about the documents MSG identified in the privilege log as privileged. Our position is that the content is not protected from disclosure.  Please provide us with your position on the basis for the designation by Wednesday, February 28th.

Regards, Ossai

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Thursday, February 22, 2018 6:31 PM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

We wanted to circle back regarding some of the questions that you posed last week regarding MSG's document productions.

*First*, as to the ESI search protocol, we have collected many of the emails from the prior e-mail system for the identified custodians, and are loading those to the database to allow us to run our proposed keywords to generate a hit list that we will share with you for discussion.  We expect that process to be completed within the next two weeks.

*Second*, as to the two applicant spreadsheets, the data collected from Sterling did not include any race data.  We are in the process now of supplementing the Sterling applicant spreadsheets with race/ethnicity through applicant tracking and/or employee data maintained by MSG.  We expect that process to take approximately three weeks given the volume of data, and will supplement our production once we receive it.

*Third*, the documents produced that are not accounted for in the privilege log are not redacted based on privilege.  We will re-produce those documents to you without redactions next week.  Based on MSG's investigation to date, it is not withholding documents based on privilege that have not yet been logged.

*Fourth*, we have not yet been able to resolve the issue with the meta-data in connection with documents pulled from the third-party Sterling and ICIMS systems.  We will keep you updated as we learn more.

Please let us know if you would like to schedule a call to further discuss any of these issues.

Thanks,
Keri


**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5100 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Joanne M. D'Angelo | +1.215.963.5623 | joanne.dangelo@morganlewis.com


**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Thursday, February 15, 2018 5:28 PM

**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>;
Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric
Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Keri and Paul,

We still have not heard from you on MSG's proposed ESI search protocol or received an update on the
status of document retrieval from Sterling and ICIMs.  We discussed both during our January 25 meet and
confer and understood that you would be getting back to us in short order.  We are also still waiting on a written
response to our proposed compromise on information to be searched before the class period.  We would
appreciate if you could get back to us on these issues next week.

We did receive the two applicant spreadsheets.  Prior to noticing a Rule 30(b)(6) deposition related to
the applicant data, it would be helpful to know whether there is a data dictionary or similar document that could
narrow the questions we would have on the fields within the database.  I will also note that we requested race
data which was not included in the spreadsheets and we would ask for that information to be supplemented.

Regards, Ossai

**Ossai Miazad | Partner**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2079
OM@outtengolden.com | Bio

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this
transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Wednesday, February 7, 2018 10:45 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Miazad, Ossai <om@outtengolden.com>; McNerney,
Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>;
Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Cc:** Evans, Paul C. <paul.evans@morganlewis.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

All,

The password for the zip file containing the supplemental production is: @MorganLewis_PH_20180207.

The password for the native documents is: 123!

Thanks,
Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5100 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Joanne M. D'Angelo | +1.215.963.5623 | joanne.dangelo@morganlewis.com

**From:** keri.engelman@morganlewis.com [mailto:keri.engelman@morganlewis.com]
**Sent:** Wednesday, February 7, 2018 10:42 PM
**To:** om@outtengolden.com; cmcnerney@outtengolden.com; Cschrumherrera@outtengolden.com; mpope@youthrepresent.org; eeingold@youthrepresent.org
**Cc:** Evans, Paul C. <paul.evans@morganlewis.com>
**Subject:** Millien et al v. The Madison Square Garden Company et al - Supplemental Production

**You have received 4 secure files from keri.engelman@morganlewis.com.**
Use the secure links below to download.

All,

Enclosed please find: (1) a supplemental production bates labeled Millien_00000141-263; (2) supplemental answers to Plaintiffs' First Set of Interrogatories; (3) a letter dated February 7, 2018 regarding Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents; and (4) a privilege log.

Passwords to follow under separate cover.

Please let us know if you have any questions.

Thanks,
Keri

## Secure File Downloads:
Available until: **09 March 2018**

Click links to download:

**02.07.2018 Letter from P. Evans.pdf**
21.68 KB

**MSG-PROD002.zip**
24.64 MB

**Millien et al v. MSG Supplemental Answers to Interrogatories 02.07.2018.pdf**
22.99 KB

**Millien v. MSG Privilege Log 02.07.2018.pdf**
8.36 KB

**\*\*\* Do not delete this email message prior to taking appropriate action. \*\*\***

You have received attachment link(s) within this email from Morgan, Lewis & Bockius LLP. **You must use the link(s) above to download the file(s): .**

Secured by Accellion

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.