# Exhibit H

| | |
|---|---|
| **From:** | Stromberg, Daniel <dstromberg@outtengolden.com> |
| **Sent:** | Friday, March 23, 2018 3:15 PM |
| **To:** | Engelman, Keri L.; Miazad, Ossai; Evans, Paul C.; Catanzaro, Vincent M. |
| **Cc:** | Bentley, Cheryl-Lyn; McNerney, Christopher; Schrum-Herrera, Cristina; Michael Pope; Eric Eingold |
| **Subject:** | RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production |

Keri,

Thank you for the updated hit reports. We have some follow-up questions to help move this process forward. Let me know if it makes sense to jump on a call to discuss. Before addressing this list of items, I think we can all agree it makes sense to edit our proposed term of "plea*", and change it to (plea OR pleas OR plead OR pleading OR pleadings). The requests below that pertain to hit counts should take that change into account.

Additionally, please confirm that continued discussion of search terms should be taken to indicate that MSG does not plan on using TAR.

1. As with our earlier hit report request, please provide total number of documents with any hit, as well as total documents with hits plus family members;
    a. Including accounting for how various proposed date ranges affect such counts
2. Please provide the delta between the population of all docs with any hit for an MSG proposed term and our proposed terms (ie how many documents get pulled in from our terms that are not in your terms, and vice versa);
3. Please advise which of our proposed terms MSG agrees to;
4. Please advise any analyses and validation results for our proposed terms;
5. Advise the respective date ranges of email collection by custodian;
6. Advise the rationale for the date ranges proposed to limit search terms; and
7. Advise the rationale, and any validation results, for MSG's proposed terms.

Best,
Dan

**Daniel Stromberg**
**202-847-4406**

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Thursday, March 22, 2018 7:31 PM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>; Catanzaro, Vincent M. <vincent.catanzaro@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

In follow-up to my e-mail yesterday, we have attached an updated hit report for MSG's proposed search terms. These search terms were run across the following custodial documents: (1) Nancy Danahy; (2) Liz Jacob; (3) Andrew Jones; (4) Laura Kaupas; (5) Larry Kelly; (6) David Weiss; (7) Ana Agneshwar; (8) Matthew Resnick; and (9) Ernesto Zelaya. We are still waiting to receive ESI from Yokasta Eralte and will update the search terms once we do so. The terms highlighted in green were limited to the April 2015 to the present time-period and the terms highlighted in blue were limited to the April 2014 to the present time-

period.  Please note that we noticed an error in the hit report that we circulated to you last week, so the attached hit report reflects the accurate number of hits on these terms for the custodians and time-periods mentioned above.

We have also attached a hit report of your proposed search terms against the same list of custodians, though no date ranges were applied to these terms.  As previously stated, we do not agree to use your proposed search terms at this juncture but are willing to meet and confer with you about those terms.  Please let us know if you would like to discuss.  In the meantime, as stated in our e-mail yesterday, we are proceeding with the validation process of our proposed search terms and then will begin the review and production of relevant e-mails.

Thanks,
Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110
Direct: +1.617.341.7828 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Kerrin A. Kelsey | +1.617.341.7801 | kerrin.kelsey@morganlewis.com
*Admitted in PA and NJ only; Practice Supervised by MA Bar Members

---

**From:** Engelman, Keri L.
**Sent:** Wednesday, March 21, 2018 11:42 PM
**To:** 'Miazad, Ossai' <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>; Catanzaro, Vincent M. <vincent.catanzaro@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

Below are answers to some of your questions.  We will circle back on the remaining issues.  Thanks.

- As we have discussed on numerous occasions, the data regarding background checks during the approximately three years pre-dating your Complaint are maintained by Sterling and the spreadsheets that we produced to you on February 7th were provided to us by Sterling.  We can confirm that they were intended to contain data on all applicants for whom MSG requested a background check through Sterling.  We have requested information from Sterling as to why Felipe Kelly does not appear on either spreadsheet.  We will let you know as soon as we receive clarification from them.

- We have asked Sterling if a data dictionary exists for the file we provided and forwarded the bullet point questions you identified  We will let you know when we hear back.

- We previously reached an agreement, as confirmed in Christopher McNerny's January 23rd e-mail, that MSG would produce only the class member data for the three years before the filing of the Complaint.  Before MSG would consider producing the data set for the 4-5 FCRA class period, the parties agreed to (1) meet and confer over the pre-May 9, 2014 data; and (2) Plaintiffs would review the data produced for years 1-3.  In light of this agreement, we believe that Plaintiffs' request for the data for the five-year FCRA class (and data from September 2017

2

through March 1st) is premature given that you have not had the opportunity to study the data produced to you with the benefit of the information we will learn on the upcoming call with Sterling. We request that, at the time, the parties meet and confer on this issue again so MSG can better understand why the five-year FCRA class data is necessary at this stage. Please let us know if you agree with this approach.

- We will produce the race data to you tomorrow, March 22nd.

- We have received additional custodial data since we shared the hit report with you on March 13th. We are therefore running a new hit report with our original proposed search terms and will send that to you tomorrow, March 22nd, along with the list of custodians against whom those searches were run (as well as the collected date ranges for each custodian). We are also running your proposed search terms against the same universe of documents and will also share that report with you tomorrow. However, we do not agree to use your proposed search terms at this juncture, but will meet and confer with you about those terms once the hit report is complete. Per your request, we are also in the process of validating our search results and will revert to you the outcome of that validation process by Wednesday, March 28th. Once that is complete, we can begin a review of the documents that have hit on our proposed search terms and begin a rolling production of responsive documents on Monday, April 9th.

- The references to "Sheryl" and "Iris" on the document titled "Pre-Employment Screening Results and Next Steps" refer to Sheryl Woodell and Iris Kelly. They are employees of Sterling, not MSG. As noted in MSG's Answers to Plaintiffs' Interrogatory No. 2 (on Nov. 6, 2017 and supplemented on February 7, 2018), Sheryl Wooddell, Strategic Account Manager, was MSG's primary contact at Sterling. Also as explained in MSG's Answers to Plaintiffs' Interrogatories, from May 2014 through October 2015, MSG contracted with Sterling to provide pre-adverse and adverse action notices to individuals whose conditional offers of employment were revoked based on (1) failure to disclose and/or falsification of their criminal histories; and (2) their underlying criminal history. To effectuate that process prior to October 2015, MSG employees would contact Sterling (*e.g.*, Sheryl Woodell and/or Iris Kelly) via e-mail in order to initiate the pre-adverse action process.

Thanks,
Keri


**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110
Direct: +1.617.341.7828 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Kerrin A. Kelsey | +1.617.341.7801 | kerrin.kelsey@morganlewis.com
*Admitted in PA and NJ only; Practice Supervised by MA Bar Members

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Wednesday, March 21, 2018 4:04 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>; Catanzaro, Vincent M. <vincent.catanzaro@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric

3

Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Paul and Keri – we have not heard back from you on any of the issues raised during our meet and confer last week including those items on which you agreed to immediately circle back. Please provide responses. We are particularly concerned about the delay on the ESI front and need to hear from you immediately on Defendant's timeline for production of the documents from its own ESI searches.

Ossai

---

**From:** Miazad, Ossai
**Sent:** Friday, March 16, 2018 1:17 PM
**To:** 'Engelman, Keri L.' <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>; Catanzaro, Vincent M. <vincent.catanzaro@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <CBentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Paul and Keri:

We touched on a number of discovery issues during our Tuesday, March 13 meet and confer. I understand that the collection of ESI has taken some time on MSG's end, however, we continue to be concerned that the pace at which discovery is moving will not allow us to meet the Court's deadline. While we review the hit reports you provided on Tuesday and come back to you on the terms and custodians, we ask that you start rolling production on the custodians MSG has identified using its own proposed terms. Please let us know by when you can begin that production and estimate completion. If you propose TAR in place of search terms, please provide an estimate for when substantial production via TAR will be complete for the custodians identified by MSG. I also appreciate that you have been working to get us information from Sterling on the applicant database, but again given the timing I don't think we can hold off any longer on serving subpoenas on the CRAs. I will send those to you prior to serving and we are happy to work with you on narrowing the issues addressed by the subpoenas through information provided by MSG.

The following are items discussed by the parties on March 13 that require immediate follow-up:

1. Applicant Spreadsheets
    a. We asked for confirmation that the spreadsheets represent all MSG applicants who were run through a background check by Sterling and not some subset of applicants. You confirmed that the spreadsheets include data on all applicants. <u>If that is not correct, please clarify.</u>
    b. We explained that we have not been able to locate Plaintiff Felipe Kelly on either spreadsheet. <u>You agreed to look into this issue and get back to us</u>.
    c. We asked for a data dictionary to understand the fields in the spreadsheet. You indicated that you are not sure if one exists and we discussed scheduling a call with a Sterling representative to go through the spreadsheets. We agreed to provide you with question areas in advance. <u>Please confirm that a data dictionary does not exist. We would like to schedule this call next week and will get you question areas by Monday.</u>
    d. We discussed that the applicant data produced to date is missing 2 years for the FCRA class and 1 month for the NYCHRL class and that it has an arbitrary cut off of Sept 2017. We requested that applicant data be produced through March 1, 2018. <u>Please advise by March 20, 2018 if Defendant will make this production and if so the date of production.</u>

  e. Plaintiffs agreed to provide a proposed subset of information that we would need for the FCRA class for the period April 26, 2012 – May 28, 2014.  We will be in a better position to narrow once we have either a data dictionary or information on the fields in the data produced.

  f. We noted that the data does not include race information on applicants.  You stated that you are waiting on social security numbers from Sterling which you expect by the end of this week after which MSG will pull the race information.  <u>We ask that you provide us an update on how long it will take to get this race data by March 20th</u>.  We also noted that the data does not include information on the criminal history of applicants or the reason for denial and we will need to ascertain how that information is maintained.

2. ESI

  a. We are reviewing the search terms and accompanying report and will get back to you with feedback next week.  You agreed to let us know in writing which custodians email was searched with the respective collected date ranges for each.  <u>Please provide this information by March 20, 2018</u>.

  b. For any search terms, both those proposed by Defendants and additional and edited terms that Plaintiffs will request shortly, we believe that quantitative and qualitative validation is necessary to ensure that sufficient and proportional terms are agreed to. While the terms proffered by Defendants are adequately narrow, it is necessary to test their recall to make sure that there are not relevant and important topics being missed inadvertently. Similarly, I would imagine that Defendants want to test for false positives hitting on any terms, so that syntax can be edited to exclude them to the extent possible.

  c. Alternatively, we briefly discussed TAR as an option in place of search terms. Plaintiffs do not agree to a combination of TAR *and* search terms in this case. TAR, however, may prove to be more efficient and productive for both parties, and Plaintiffs invite Defendants to propose a TAR process to replace search terms.

  d. On custodians, we agreed to provide you information on why we believe certain categories of custodians are necessary.  We will provide this information by March 20. We believe that additional custodians, including recruiters, are not only necessary, but that additional burden would not necessarily be significant, due to de-duplication and email thread suppression. If these additional custodians do not have a significant number of duplicative email, such an absence merely bolsters the need for their inclusion, due to their uniquely relevant content. Either way, please provide specific information, including costs, supporting a claim of burden, so that we all may make an informed proportionality assessment.

  e. We asked you to let us know who "Sheryl" and "Iris" are as they are mentioned in a background check document produced by MSG and if their ESI is in MSG's custody and control we would want them added as custodians.

You indicated that this week you would be re-producing Millien 122-130 and that you would also provide us a response on our request for additional information on your privilege assertion for the content noted in the privilege log.  We look forward to receiving both from you today.  You also agreed to provide us Defendant's position in writing on Plaintiffs' proposal for production of documents outside of the class period.  <u>We would appreciate if you could provide that by March 20th</u>.

Regards, Ossai

---

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Tuesday, March 13, 2018 3:10 PM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>; Catanzaro, Vincent M. <vincent.catanzaro@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>;

5

Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

Here are draft search terms and corresponding hits.  We will speak to you at 4.

Thanks,
Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110
Direct: +1.617.341.7828 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Kerrin A. Kelsey | +1.617.341.7801 | kerrin.kelsey@morganlewis.com
*Admitted in PA and NJ only; Practice Supervised by MA Bar Members

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Thursday, March 8, 2018 1:25 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
4pm on Tuesday works for us.  I will send a conference call number.

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Wednesday, March 7, 2018 5:53 PM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

We are not available Monday due to a mediation.  How about Tuesday before 11 a.m. or after 2 p.m.?  Let us know if that may work.  In the meantime, we are evaluating your list of proposed custodians.

Thanks,
Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110
Direct: +1.617.341.7828 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Kerrin A. Kelsey | +1.617.341.7801 | kerrin.kelsey@morganlewis.com

*Admitted in PA and NJ only; Practice Supervised by MA Bar Members

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Tuesday, March 6, 2018 4:08 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Keri – Unfortunately, Thursday does not work for us. We are available Monday, March 12 between 12:30 and 3:30.  Let me know if there is a time in that window that works on your end.

We would appreciate you sending the search terms and hit repost as soon as possible. In terms of burden of any search terms, the appropriateness and utility of a given search term should not be measured by a hit report. Though informative to the breadth of a term or terms, it is imperative to test and validate terms, whether proposed by a requesting or producing party, to determine whether or not they are overbroad or not broad enough. Through such a process, both parties will be able to make informed and specific measures to ensure that an appropriate corpus of ESI is being captured. Alternatively, as we mentioned, Plaintiffs are amenable to Defendant's utilization of a TAR methodology, which would necessitate similar validation.

As far as burden is concerned, if there is to be a discussion of proportionality, of which burden is one element, Plaintiffs would need to know an exact, calculated burden in order to make a realistic assessment.

On custodians, in addition to the 9 previously identified by Defendant, Plaintiffs initial list based on the organizational charts you sent on March 1 and other information provided about their potential relevance to the case are as follows:

Lisa Nadler
Lainie Doherty
Ann Jackson
Ravena Valentine
John McNally
David Cohen
Kathryn Auger
Ana Agneshwar
Maritza Evans
Sean Lapham
Jennifer Reaven
Shari Holtzman
Britt Kaplan
Geralyn Callahan
Kimberly Quinonez
Christian De La Vega
Monique Ruiz
Marilena Iocco
Kate Sammis
Danielle Berman
Matthew Resnick
Susana Chavez

Maritza Evans
Stamatia Chalos
Ameya Kalla
Dulci Oleo

In addition we ask that all individuals serving as recruiters be identified as custodians. Defendant has previously objected to this request based on burden without providing any information on the total number of recruiters although we made that request many weeks ago. The recruiters are on the frontline of communicating with job applicants including around issues related to their background check and much of that communication appears to happen through a central applicant tracking system (iCIM). Plaintiffs' position is that absent some showing and agreement otherwise they should be included.

We also ask that you identify any other individuals who were in the positions held by the individual custodians named above or in Defendant's custodian list during the class period by name, title and dates of employment.

Thanks, Ossai

---

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Tuesday, March 6, 2018 1:37 PM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

What is your availability for a call on Thursday between 10:00 and 11:30 a.m. and after 1:30 p.m. to discuss your proposal below? In addition, in advance of the call, we will share some preliminary thoughts on proposed search terms along with a hit report. However, because we have not yet completed the collection of the relevant e-mails, the hit report is not complete. Because we do not know if these terms will yield overly-burdensome results when run against the entire universe of ESI, we do not yet agree to utilize these search terms; we only share them at this juncture in an effort to begin discussions. We look forward to speaking with you later this week.

Thanks,
Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110
Direct: +1.617.341.7828 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Kerrin A. Kelsey | +1.617.341.7801 | kerrin.kelsey@morganlewis.com
*Admitted in PA and NJ only; Practice Supervised by MA Bar Members

---

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Thursday, March 1, 2018 3:13 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric

8

Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Keri,

Thanks for sending the organizational charts, we will review and also look out for the supplemental production next week.  On the issue of search terms, while terms cannot be run across the entire contemplated document universe until those mailboxes are collected and processed, we can have an informed discussion about the merits and sufficiency of terms, as well as assess the metrics of those terms across the email that is ready to be searched. To the latter point, while there will be differences between the collections, big picture validation metrics such as recall can be measured using the documents that are ready.  Alternatively, given the potential size of the ESI universe, it makes sense to consider TAR as an alternative to search terms. While a properly validated set of search terms may prove efficient and sufficient, TAR may prove to be more so. How best to search MSG's ESI is certainly in your purview, but Plaintiffs are open to a discussion about TAR, and will be amenable to most current defensible TAR approaches. As with search terms, Plaintiffs believe that discussion around and initiating testing of TAR should proceed with the ESI that is already searchable.  Please let us know times early next week when you are available for a meet and confer on ESI.  We ask that in advance of that call you share your proposed search terms.

Regards, Ossai

---

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Thursday, March 1, 2018 12:18 AM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

Paul and I are traveling this week, so we will provide a more fulsome response to your e-mail when we return to the office.  In the meantime, as we have previously explained to you, we have faced significant hurdles with collecting e-mails from MSG's prior system and have been working through those issues as quickly as possible.  We just recently found a way to collect the e-mails from the prior system and are in the process of doing so now.  Once the e-mails are collected and loaded onto our system, which we hope will occur within the next couple of weeks, we will apply the search terms promptly and share those results with you.  Applying proposed search terms to the e-mails that we have collected from the new system would provide little value given the volume of e-mails located on the prior system.  However, to the extent you would like to begin the process of negotiating search terms, please feel free to provide us with any proposed terms that you may have and we will consider them.

We plan to produce to you some additional documents next week, but in the meantime and subject to the Protective Order, I have attached the HR Organizational Chart that was in existence at the time Plaintiffs applied for employment.  We will also include this document in the forthcoming production.  If you identify additional custodians based on this Organizational Chart, please propose them to us.  Also, please note that Nancy Danahy's title is VP of People Acquisition and we have also identified Ana Agneshwar as a custodian (former Senior Director of Talent Acquisition) and thus we are collecting her e-mails as well.

Lastly, we note that we have already discussed with you each category of documents that you propose we collect for the pre-discovery period.

Thanks,

9

Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5100 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Joanne M. D'Angelo | +1.215.963.5623 | joanne.dangelo@morganlewis.com

---

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Monday, February 26, 2018 6:09 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Keri,

We appreciate the follow-up. We are however over half way through the discovery period without sufficient responses from MSG to key areas of discovery served many months ago.

On ESI, you previously agreed to produce a list of your proposed search terms and restrictions for our input. We have not received that information. We do not object to MSG running its keywords to generate a hit list to share with us. However, in our experience that list takes minutes to generate, not weeks. Please provide MSG's proposed search terms and restrictions immediately. We also ask that you expedite generating the hit lists, but not at the expense of providing the search terms to us for input.

Also pressing is the fact that we have not yet agreed to a process for selecting custodians. As we have always indicated, Plaintiffs would likely identify additional custodians. MSG still has not produced organizational charts that would allow Plaintiffs to have informed discussions about custodian selection. We ask that Defendant supplement its document production with organizational charts, including corporate level charts for the entire organization. We again request organizational charts for HR (and any sub-units, i.e. HR Systems and Operations group, HR Compliance Dept., HR Business Partner group; People Investment; People Acquisitions; People Practices), Legal and any other part of the organization that deals with or interacts with the background check process in any way. Please provide these organizational charts by Thursday, March 1. MSG previously identified only nine custodians. We requested the titles and basis for selection which MSG provided largely through supplemental interrogatory responses served on February 8, 2018. We still do not have this information for one of the nine custodians, Ms. Danahy. Please provide Ms. Danahy's job title and the basis for identifying her as a custodian. We would also like to confirm that for each selected custodian, you intend to collect emails from the current email system, in addition to the prior system.

We are still waiting on a response to our proposed compromise on information to be searched before the class period. This is an issue that we need to resolve immediately or take to the Court for guidance. Please get back to us by Wednesday, February 28th.

We also have not heard from you on the issue we raised about the documents MSG identified in the privilege log as privileged. Our position is that the content is not protected from disclosure. Please provide us with your position on the basis for the designation by Wednesday, February 28th.

Regards, Ossai

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Thursday, February 22, 2018 6:31 PM
**To:** Miazad, Ossai <om@outtengolden.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

Ossai,

We wanted to circle back regarding some of the questions that you posed last week regarding MSG's document productions.

*First*, as to the ESI search protocol, we have collected many of the emails from the prior e-mail system for the identified custodians, and are loading those to the database to allow us to run our proposed keywords to generate a hit list that we will share with you for discussion. We expect that process to be completed within the next two weeks.

*Second*, as to the two applicant spreadsheets, the data collected from Sterling did not include any race data. We are in the process now of supplementing the Sterling applicant spreadsheets with race/ethnicity through applicant tracking and/or employee data maintained by MSG. We expect that process to take approximately three weeks given the volume of data, and will supplement our production once we receive it.

*Third*, the documents produced that are not accounted for in the privilege log are not redacted based on privilege. We will re-produce those documents to you without redactions next week. Based on MSG's investigation to date, it is not withholding documents based on privilege that have not yet been logged.

*Fourth*, we have not yet been able to resolve the issue with the meta-data in connection with documents pulled from the third-party Sterling and ICIMS systems. We will keep you updated as we learn more.

Please let us know if you would like to schedule a call to further discuss any of these issues.

Thanks,
Keri


**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5100 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Joanne M. D'Angelo | +1.215.963.5623 | joanne.dangelo@morganlewis.com

**From:** Miazad, Ossai [mailto:om@outtengolden.com]
**Sent:** Thursday, February 15, 2018 5:28 PM

**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Evans, Paul C. <paul.evans@morganlewis.com>
**Cc:** Bentley, Cheryl-Lyn <cbentley@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

[EXTERNAL EMAIL]
Keri and Paul,

We still have not heard from you on MSG's proposed ESI search protocol or received an update on the status of document retrieval from Sterling and ICIMs. We discussed both during our January 25 meet and confer and understood that you would be getting back to us in short order. We are also still waiting on a written response to our proposed compromise on information to be searched before the class period. We would appreciate if you could get back to us on these issues next week.

We did receive the two applicant spreadsheets. Prior to noticing a Rule 30(b)(6) deposition related to the applicant data, it would be helpful to know whether there is a data dictionary or similar document that could narrow the questions we would have on the fields within the database. I will also note that we requested race data which was not included in the spreadsheets and we would ask for that information to be supplemented.

Regards, Ossai

**Ossai Miazad** | **Partner**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2079
OM@outtengolden.com | Bio

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Engelman, Keri L. [mailto:keri.engelman@morganlewis.com]
**Sent:** Wednesday, February 7, 2018 10:45 PM
**To:** Engelman, Keri L. <keri.engelman@morganlewis.com>; Miazad, Ossai <om@outtengolden.com>; McNerney, Christopher <cmcnerney@outtengolden.com>; Schrum-Herrera, Cristina <Cschrumherrera@outtengolden.com>; Michael Pope <mpope@youthrepresent.org>; Eric Eingold <eeingold@youthrepresent.org>
**Cc:** Evans, Paul C. <paul.evans@morganlewis.com>
**Subject:** RE: Millien et al v. The Madison Square Garden Company et al - Supplemental Production

All,

The password for the zip file containing the supplemental production is: `@MorganLewis_PH_20180207`.

The password for the native documents is: 123!

Thanks,
Keri

**Keri L. Engelman**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5100 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
keri.engelman@morganlewis.com | www.morganlewis.com
Assistant: Joanne M. D'Angelo | +1.215.963.5623 | joanne.dangelo@morganlewis.com

**From:** keri.engelman@morganlewis.com [mailto:keri.engelman@morganlewis.com]
**Sent:** Wednesday, February 7, 2018 10:42 PM
**To:** om@outtengolden.com; cmcnerney@outtengolden.com; Cschrumherrera@outtengolden.com; mpope@youthrepresent.org; eeingold@youthrepresent.org
**Cc:** Evans, Paul C. <paul.evans@morganlewis.com>
**Subject:** Millien et al v. The Madison Square Garden Company et al - Supplemental Production

**You have received 4 secure files from keri.engelman@morganlewis.com.**
Use the secure links below to download.

All,

Enclosed please find: (1) a supplemental production bates labeled Millien_00000141-263; (2) supplemental answers to Plaintiffs' First Set of Interrogatories; (3) a letter dated February 7, 2018 regarding Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents; and (4) a privilege log.

Passwords to follow under separate cover.

Please let us know if you have any questions.

Thanks,
Keri

**Secure File Downloads:**
Available until: **09 March 2018**

Click links to download:

> **02.07.2018 Letter from P. Evans.pdf**
> 21.68 KB
>
> **MSG-PROD002.zip**
> 24.64 MB
>
> **Millien et al v. MSG Supplemental Answers to Interrogatories 02.07.2018.pdf**
> 22.99 KB
>
> **Millien v. MSG Privilege Log 02.07.2018.pdf**
> 8.36 KB

*** Do not delete this email message prior to taking appropriate action. ***

You have received attachment link(s) within this email from Morgan, Lewis & Bockius LLP. **You must use the link(s) above to download the file(s): .**

Secured by Accellion

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.