```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
CLINT MILLIEN and FELIPE           :
KELLY, individually and on
behalf of all others similarly     :
situated,                                  17 Civ. 4000 (AJN)(HBP)
                                   :
                Plaintiffs,                ORDER
                                   :
    -against-
                                   :
THE MADISON SQUARE GARDEN CO.
and MSGN HOLDINGS, L.P.,           :

                Defendants.        :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/18

        PITMAN, United States Magistrate Judge:

        Discovery conferences having been held in this matter on May 18 and July 5, 2018, during which certain discovery and scheduling matters were addressed, for the reasons stated on the record in open court, it is hereby ORDERED that:

        1. Plaintiffs' request for consumer reports for putative class members and proof that 15 U.S.C. § 1681b(b)(3) compliant documents were sent to them pursuant to Request for Production ("RFP") Nos. 7 and 8 is deferred pending a response from third party, Sterling InfoSystems, Inc.

        2. Plaintiffs' request for communications between defendants and custodian recruiters regarding decisions to reject applicants based on a consumer report or

failure to self-disclose criminal histories pursuant to RFP No. 22 is granted in part and denied in part. Out of the applicants defendants rejected on this basis, plaintiffs are directed to identify 50 applicants and defendants are directed to identify 50 applicants. Defendants are directed to produce responsive documents relating to these 100 applicants. This paragraph is without prejudice to the right of any party to modify this request for good cause.

3. Defendants' objection to the five year temporal scope of document production sought by plaintiffs is sustained. The temporal scope of document production shall be three years for the Fair Credit Reporting Act claim and two years for the remaining claims. This ruling is without prejudice to a renewed application from plaintiffs seeking a broader temporal scope for discovery supported by legal authorities demonstrating that a broader temporal scope is appropriate.

4. Defendants were directed to review for responsiveness 1,200 of the documents that were recovered using the search terms upon which the parties tentatively agreed. Defendants were further directed to inform plaintiffs of the number of responsive documents found in that sample no later than May 25, 2018. The

parties were directed to then meet and confer regarding the search terms to be used and custodian files to be searched no later than May 30, 2018.

5. Plaintiffs were directed to produce to defendants all documents produced in plaintiff Felipe Kelly's pending litigation in the Eastern District of New York against Levy's Restaurant ("Levy's"). Because plaintiffs' counsel represented that all documents produced to her from Levy's were produced solely for used in a private mediation, defendants are directed to subpoena Levy's directly if they still seek documents from Levy's. In the alternative, defendants may contact Levy's attorney, Frederick Smith, Esq., and seek Levy's consents to plaintiffs' producing to defendants the documents Levy's previously produced to Kelly in the Eastern District litigation. If such consent is obtained, plaintiffs are directed to produce the documents to defendants. Defendants may renew their application if they are unsuccessful in obtaining these responsive documents through either method outlined above.

6. The deadline for the completion of all fact discovery is extended to September 12, 2018.

7. If plaintiffs intend to rely on an expert witness, they shall make all disclosures required by Fed.R.Civ.P. 26(a)(2) no later than October 12, 2018.

8. If defendants intend to rely on an expert witness, they shall make all disclosures required by Fed.R.Civ.P 26(a)(2) no later than December 11, 2018.

9. All expert depositions shall be concluded no later than December 26, 2018.

10. Plaintiffs' application to quash the subpoenas defendants intend to serve on entities for which plaintiffs formerly or currently work or entities to which plaintiffs applied for employment is granted in part an denied in part. Defendants may serve subpoenas on Core Tech Associates, Pret-a-Manger, Landmark Group, Icon Parking Systems, SP Plus Corporation, Professional Sports Catering, Witchcraft, Allied Barton and US Open Parking seeking all documents (including any completed employment applications or other forms) that plaintiffs submitted to these entities in connection with their applications for employment and all notes of conversations with or interviews of plaintiffs that occurred prior to the employment of any plaintiff with these entities. Plaintiffs' application to quash defendants' proposed subpoena to Securitas is granted; defendants

may, however, make an application in the future to serve a subpoena on Securitas after defendants receive documents from the other entities identified in this paragraph.

The Clerk of the Court is respectfully requested to mark Docket Items 49, 51 and 61 closed.

Dated:  New York, New York
        July 6, 2018

                                SO ORDERED

                                _____
                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

All Counsel