| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Ossai Miazad<br>Christopher M. McNerney<br>Cheryl-Lyn Bentley<br>Nina T. Martinez<br>685 Third Avenue, 25th Floor<br>New York, New York 10017 | **YOUTH REPRESENT**<br>Michael C. Pope<br>Eric Eingold<br>11 Park Place, Suite 1512<br>New York, New York 10007 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CLINT MILLIEN and FELIPE KELLY,
individually and on behalf of all others similarly
situated,

                              Plaintiffs,

                          v.

THE MADISON SQUARE GARDEN
COMPANY and MSGN HOLDINGS, L.P.,

                              Defendants.

No. 17 Civ. 4000 (AJN)(HBP)

### DECLARATION OF OSSAI MIAZAD IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' <u>PROPOSED NOTICE OF SETTLEMENT</u>

I, Ossai Miazad, declare under penalty of perjury as follows:

      1.      I am a partner at the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiff's counsel herein, and co-chair of its Discrimination and Retaliation Practice Group. O&G is a 70+ attorney firm based in New York City, with offices also in Chicago, San Francisco, and Washington D.C., that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation that involve criminal history, discrimination, and wage and hour claims, as well as contract and severance negotiations.

2. I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

4. I received a Juris Doctor degree from American University Washington College of Law in 2004. Since joining O&G in 2007, I have exclusively represented plaintiffs in employment litigation and other employee rights matters, with a focus on representing employees in class action and impact litigation involving discrimination. I currently serve as plaintiffs' counsel in numerous major class action lawsuits involving challenges to the use of criminal history records for employment decisions. O&G is among the very few plaintiff-side firms that litigates "fair chance" hiring cases challenging employers' criminal history background check policies and practices.

5. I am the Co-Chair of O&G's Discrimination and Retaliation Practice Group and the Co-Chair of the Subcommittee on USERRA for the American Bar Association's ("ABA") Labor and Employment Law Section, Fair Labor Standards Legislation Committee. I have also served on the New York City Bar Association's Committee on Civil Rights and as a board member of the New York affiliate of the National Employment Lawyers Association ("NELA"). I was named one of the 2017 Trial Lawyers of the Year by Public Justice.

6. I have been appointed as Class Counsel in many cases, including *Gonzalez v. Pritzker*, No. 10 Civ. 3105 (S.D.N.Y.), a nationwide class action targeting the U.S. Census Bureau's criminal history screening process as having a racially disparate impact under Title VII of the Civil Rights Act of 1964 ("Title VII"). I have litigated or am litigating multiple other criminal history discrimination class actions, including *Long v. Southeastern Pennsylvania*

*Transportation Authority*, No. 16. Civ. 1991 (E.D. Pa.) (FCRA and Pennsylvania Criminal History Record Information Act claims), and *NAACP New York State Conference Metropolitan Council of Branches v. Philips Electronics North America Corporation*, Index No. 156382/2015 (Sup. Ct. N.Y. Cnty.) (New York City Human Rights Law criminal history discrimination claims).

    7.    Courts have repeatedly recognized O&G as qualified counsel for class actions. *See*, *e.g.*, Tr. of Prelim. App. Hearing at 25, *Kelly v. Brooklyn Events Center, LLC et al*, No. 17 Civ. 4600 (E.D.N.Y. Sept. 25, 2018) (commending counsel for their hard work and preliminarily approving settlement class challenging defendants' background check policies and practices); *Times v. Target Corp.*, No. 18 Civ. 2993, 2018 WL 3238821, at *1 (S.D.N.Y. May 14, 2018) (appointing O&G as class counsel when preliminarily approving settlement class challenging defendants' background check policies and practice under Title VII); *Keels v. Geo Group, Inc.*, No. 15 Civ. 6261, 2017 WL 4477000, at *1 (E.D.N.Y. Oct. 1 2017) (appointing O&G as class counsel when preliminarily approving Fair Credit Reporting Act settlement, which was finally approved on Feb. 23, 2018); *Pickett v. SIMOS Insourcing Solutions, Corp.*, No. 17 Civ. 1013, 249 F. Supp. 3d 897, 898 (N.D. Ill. 2017) (appointing O&G as class counsel in Fair Credit Reporting Act settlement); *Gonzalez v. Pritzker*, No. 10 Civ. 3105, 2016 WL 5395905, at *4 (S.D.N.Y. Sept. 20, 2016) (stating that O&G's attorneys are "nationally recognized employment class action litigators" and granting final approval of Title VII class action settlement); *Hall v. L-3 Communications Corp.*, No. 15 Civ. 231, slip. op. at 7 (E.D. Wash. Jan. 25, 2019) (appointing O&G as class counsel when preliminarily approving a USERRA applicant class and noting that the matter was "litigated []expertly" and that counsel had "long experience in class action and labor work"); *Perez v. Allstate Insurance Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25

(E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel and noting that "O&G has the requisite experience in handling class actions . . . , are well versed in the applicable law, and have the resources necessary to represent the NYLL Class fairly and adequately"); *Easterling v. Connecticut, Dep't of Correction*, No. 08 Civ. 826, slip op. at 2 (July 29, 2013 D. Conn.) (appointing O&G as class counsel in a Title VII case); *Duling v. Gristede's Operating Corp.*, No. 06 Civ. 10197, slip op. at 3 (June 19, 2013 S.D.N.Y.) (appointing O&G as class counsel in a Title VII case); *Amochaev v. Citigroup Global Markets, Inc., d/b/a Smith Barney*, No. 05 Civ. 1298, slip op. at 3-4 (May 1, 2008 N.D. Cal.) (gender discrimination class action brought on behalf of a national class of female financial advisors, resulting in settlement of $33 million and comprehensive injunctive relief); *Jaffe v. Morgan Stanley & Co.*, No. 06 Civ. 3903, 2008 WL 346417, at *1 (N.D. Cal. Feb. 7, 2008) (race discrimination class action brought on behalf of African American and Latino financial advisors, resulting in settlement of $16 million and comprehensive injunctive relief); *Wright v. Stern*, No. 01 Civ. 4437, 2003 WL 21543539, at *7 (S.D.N.Y. July 9, 2003) (appointing O&G as class counsel in a Title VII case).

    8.    In addition to my own experience as a class-action litigator in employment disputes, Christopher M. McNerney, Cheryl-Lyn Bentley, and Nina T. Martinez have been the main associate attorneys assigned to this case. Brief backgrounds of Christopher M. McNerney, Cheryl-Lyn Bentley, and Nina T. Martinez are set forth below:

    a.    Mr. McNerney graduated *cum laude* from New York University School of Law in 2012. In 2012-2013, Mr. McNerney clerked for the Honorable Sarah Netburn, a United States Magistrate Judge, in the Southern District of New York. He joined O&G in November 2013. Mr. McNerney was named one of the 2017 Trial Lawyers of the Year by Public Justice. In addition to this case, Mr. McNerney has worked with me on multiple criminal history

discrimination class actions including *Long v. Southeastern Pennsylvania Transportation Authority*, No. 16. Civ. 1991 (E.D. Pa.) (FCRA and Pennsylvania Criminal History Record Information Act claims); *Keels v. Geo Group, Inc.*, No. 15 Civ. 6261 (E.D.N.Y.) (FCRA claims under Section 1681b(b)(3)); *Pickett v. SIMOS Insourcing Solutions, Corp.*, No. 17 Civ. 1013 (N.D. Ill.) (FCRA claims under Section 1681b(b)(2) and (b)(3)); *Gonzalez v. Pritzker*, No. 10 Civ. 3105 (S.D.N.Y.) (Title VII criminal history discrimination claims); and *NAACP New York State Conference Metropolitan Council of Branches v. Philips Electronics North America Corporation*, Index No. 156382/2015 (Sup. Ct. N.Y. Cnty.) (New York City Human Rights Law criminal history discrimination claims). Mr. McNerney has written and spoken repeatedly on criminal history discrimination issues, and is a contributor to *Collateral Consequences of Criminal Conviction Law, Policy and Practice* (2018-19 ed.).

      b.     Ms. Bentley is an associate at O&G in New York, where she represents workers in class action discrimination cases. Before joining O&G in 2015, Ms. Bentley clerked for the Honorable Chief Judge Petrese Tucker of the United States District Court for the Eastern District of Pennsylvania. Prior to clerking, Ms. Bentley served as a fellow and staff attorney at New York Lawyers for the Public Interest, Inc. where she worked on cases involving violations of federal and state disability laws. Ms. Bentley received her B.A. from Harvard University in 2006 and her J.D. from Yale Law School in 2011.

      c.     Ms. Martinez is an associate at O&G in New York, NY, where she represents workers in class action discrimination cases. Prior to joining O&G in September 2017, Ms. Martinez served as a Skadden Fellow at the New York Legal Assistance Group where she developed the Employment Mediation Project. Ms. Martinez received her B.A. from the University of Florida in 2010, an M.S. in Elementary Education from Hunter College in 2012,

and her J.D. from the University of Pennsylvania School of Law in 2015.  Ms. Martinez has worked on other employment and civil rights class action cases, including *Rodriguez v. The Procter & Gamble Company*, No. 17 Civ. 422652 (S.D. Fla.); *Kelly v. Brooklyn Events Center, LLC et al*, No. 17 Civ. 4600 (E.D.N.Y.); *Hall v. L-3 Commc'ns Corp.*, 170 F. Supp. 3d 1316, 1321 (E.D. Wash. 2016); and *Schriver v. Golden Corral Corporation*, No. 17 Civ. 00136 (S.D. Ohio).

**Pre-Suit Outreach**

9. At the outset of this case, Plaintiffs' Counsel, who are well-aware of the complexity of cases like this one and the value of early collaborative settlement discussions, sent MSG a letter on June 20, 2016, advising it of Plaintiffs' claims.

10. In preparing this correspondence, Plaintiffs' Counsel engaged in a substantial investigation that included review of Plaintiff Millien's facts and documents in his possession, legal research, interviews of potentially impacted applicants, and an inquiry into MSG and its business practices.

11. On October 25, 2016, the Parties held an in-person meeting attended by Plaintiffs' Counsel, MSG's outside counsel, MSG's Deputy General Counsel, and Vice President of Employment Law.  The Parties were unable to arrive at a pre-suit resolution, and Plaintiff Millien filed suit.

**Overview of Litigation**

12. From October 2017 to August 2018, the Parties vigorously litigated this case.

13. During this time, the Parties engaged in substantial written discovery.  They negotiated a robust electronic discovery stipulation, which they filed with the Court on October 3, 2017, ECF No. 33, and a confidentiality stipulation, which was filed with the Court on

December 21, 2017.  ECF No. 41.  After these agreements were in place, the Parties engaged in full written discovery of Plaintiffs, production by MSG of over 10,000 pages of documents, and the deposition of MSG's Director of Policy and Compliance.

14. The Parties also expended significant time in preparation for the depositions of Plaintiffs, and the depositions of MSG's former Director of Policy and Compliance and a Federal Rule of Civil Procedure 30(b)(6) witness—which all would have occurred in short order in preparation for class certification briefing.

15. The Parties agreed to engage in settlement discussions, and request a stay of the litigation, approximately four weeks before the scheduled close of discovery.  ECF No. 72.

16. Plaintiffs also served third-party subpoenas on two vendors MSG used to run background checks on applicants during the class period, and extensively negotiated the production of class member information from those vendors.

17. These discussions were complicated and time consuming, involving lengthy discussions over the information the vendors possessed, their capacity (and willingness) to produce it, and how and in what form it could be produced, which ultimately involved the vendors building out specific programs to collect the disparate information in their systems.

18. As a result of these efforts, the vendors produced over 74,000 Excel entries and 99 fields of information, including every applicant to MSG who had a background check run on them, the criminal history information they self-disclosed, the criminal history information the vendors uncovered, the vendors' review of the two, and MSG's notes as to the applicants— among other information crucial to determining the scope of the class and the individuals potentially impacted by the policies and practices challenged in this suit.

**Settlement Negotiations**

19. Since Plaintiffs' initial attempt to resolve the case pre-suit, the Parties participated in numerous telephone and email conversations about the possibility of settlement discussions. To this end, the Parties attended a comprehensive day-long settlement meeting on September 13, 2018.

20. Following the September 13, 2018 in-person settlement conference, the Parties had numerous additional settlement discussions and exchanged a series of written counter-proposals as to a framework for settlement.

21. After laying this groundwork, the Parties agreed to attend mediation before Dina R. Jansenson, a well-respected employment and class action mediator.

22. In advance of mediation, the Parties exchanged detailed mediation statements outlining their respective evaluations of the strengths and weaknesses of the claims at issue. Plaintiffs also conducted a preliminary damages analysis for purposes of settlement negotiations.

23. On December 5, 2018, the Parties participated in a day-long mediation with Ms. Jansenson. Although the Parties made significant progress, after concluding a full day of arm's-length negotiations, they were unable to reach a resolution but agreed to continue negotiating with the assistance of Ms. Jansenson.

24. The Parties convened for a second day of mediation with Ms. Jansenson on February 28, 2019. After almost 15-hours of intensive arms-length negotiations (ultimately concluding after 3:00 a.m. the following morning), the Parties reached an agreement in principle as to the structure of the settlement.

25. Over the next approximately three months, the Parties negotiated a detailed Term Sheet.

26.     Following agreement on many substantive issues presented by the Term Sheet, the Parties concurrently began negotiating the Settlement Agreement and supporting documents (including the Notices and Claim Form.  On or about June 17, 2019, the Parties executed the Settlement Agreement.

**Settlement Agreement**

27.     Based on the Parties' understanding that there are approximately 389 FCRA Class Members and 260 NYC Class Members, this means MSG is obligated to pay up to approximately $519,800.00.  As such, this case provides a complicated interplay of multiple laws governing how an employer evaluates the criminal history of job applicants.  This case also is (to Plaintiffs' counsel's knowledge) the first class action challenging an employer self-disclosure policy under New York City Human Rights Law, and thus required additional care to research, draft the complaint, and craft a litigation and settlement strategy, and poses additional risk to litigate.  Class actions under the NYCHRL, FCRA, and NY FCRA are subject to considerable risk.

28.     Should the case go forward, Plaintiffs would likely face extensive discovery disputes relating to the remaining discovery issues, strong opposition to class certification, Daubert challenges to Plaintiffs' experts, and a motion for summary judgment.  For example, Plaintiffs' Counsel's background check discrimination case against the U.S. Census Department, which spanned over six years and at least 28 conferences involving the Court, also involved three separate motions to dismiss in addition to the defendants' opposition to class certification and Daubert challenges to their expert witnesses.  If Plaintiffs were able to overcome these hurdles, a trial on the merits would have involve significant risk as to both liability and damages.

29.     While Plaintiffs believe they could ultimately defeat MSG's' defenses and

establish liability, this would require significant factual development and favorable outcomes at trial, and on appeal, all of which are inherently uncertain and lengthy.

30. The settlement provides programmatic relief that addresses the causes of class members' harm – including significant and systemic changes to MSG's self-disclosure policy.

31. Based off information disclosed by MSG, this is an excellent potential recovery. The potential damages for each class member equals approximately $615.80 per class member annually.

**Exhibits**

32. Attached hereto as **Exhibit A** is a true and correct copy of the Settlement Agreement signed by both Parties on June 17, 2019. Attached to the Settlement Agreement are the following Exhibits:

   a. Attached as **Exhibit 1** is a draft proposed Notice of Class Action Settlement to be distributed to FCRA Class Members.

   b. Attached as **Exhibit 2** is a draft proposed Notice of Class Action Settlement to be distributed to NYC Class Members.

   c. Attached as **Exhibit 3** is a draft proposed Claim Form to be distributed to NYC Class Members.

   d. Attached as **Exhibit 4** is a proposed order granting Plaintiffs' Motion.

   e. Attached as **Exhibit 5** is a copy of the Parties' agreement regarding the process and communications related to applicants' criminal history disclosure.

33. Attached hereto as **Exhibit B** is a proposed order granting Plaintiffs' Motion.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in New York, New York on June 24, 2019.

Dated:  June 24, 2019
        New York, New York

Respectfully submitted,

By: _____
**OUTTEN & GOLDEN LLP**
Ossai Miazad
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000