## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X:

**CLINT MILLIEN and FELIPE KELLY,**
**individually and on behalf of all others**
**similarly situated,**

         **Plaintiffs,**

         -against-

**THE MADISON SQUARE GARDEN**
**COMPANY and MSGN HOLDINGS,**
**L.P.,**

         **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

    Civil Action No. 1:17-cv-04000

------------------------------------------------------------- X

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement ("Agreement" or "Settlement Agreement") is made and entered into by and among the Named Plaintiffs Clint Millien and Felipe Kelly ("Named Plaintiffs"), individually and on behalf of the Settlement Class defined below, and The Madison Square Garden Company and MSGN Holdings, L.P. ("Defendants"). The Named Plaintiffs, the Settlement Class, and Defendants are jointly referred to in this Agreement as the "Parties," or "Settling Parties," and each of them as a "Party."

## I.    RECITALS

A.    On April 26, 2017, Plaintiff Clint Millien filed a Class Action Complaint in the Supreme Court of the State of New York, County of New York. On May 16, 2017, the Named Plaintiffs filed their First Amended Class Action Complaint in the Supreme Court of the State of New York, County of New York, which was amended to include, among other things, Plaintiff Felipe Kelly as a named plaintiff. On May 26, 2017, MSG removed the Action to the United States District Court for the Southern District of New York.

B.      On July 14, 2017, the Named Plaintiffs filed their First Amended Federal Class Action Complaint (the "Complaint").  The Named Plaintiffs alleged, among other things, that (1) Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., by failing to provide consumer reports and notices to the Named Plaintiffs and the putative class before taking adverse actions; (2) Defendants violated the New York State Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380 *et seq*., by failing to provide copies of Article 23-A of the New York State Correction Law ("Correction Law") to the Named Plaintiffs and putative class; (3) Defendants violated the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*., by failing to conduct a proper analysis of the factors set forth in Section 753 for all individuals who were denied employment based on criminal offense information; and (4) Defendants violated the NYCHRL based on its policy of denying employment to those applicants who failed to fully and accurately disclose their criminal conviction histories.

C.      On November 1, 2017, MSG filed an Answer to the First Amended Federal Class Action Complaint, denying the allegations set forth therein.  Defendants deny any and all liability or damages to any individual, group, or entity with respect to the alleged facts or causes of action asserted by Plaintiffs.

D.      Between approximately July 2017 and August 2018, the Parties engaged in extensive discovery, including exchanging written and document discovery (including electronic discovery).  Plaintiffs also took the deposition of a corporate witness.  On August 15, 2018, the Court entered a stay of the Action so that the Parties could pursue resolution (Dkt. 74).  The Parties then participated in a day-long, arms-length settlement meeting on September 13, 2018 and exchanged numerous written counter-proposals thereafter.  On December 5, 2018, the Parties

participated in further good faith, arms-length negotiations facilitated by mediator Dina R. Jansenson, Esq. of JAMs.  On February 28, 2019, the Parties participated in additional good faith, arms-length negotiations with mediator Dina R. Jansenson.   During the February 28, 2019 mediation, the Parties were able to reach an agreement to settle the Action on a class wide basis on the terms set forth herein.

       E.      This Agreement is not, and shall not, in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of MSG, nor of any violation of any federal, state, or local statute, regulation, principle of common law or equity.

       F.      The attorneys representing the Settlement Class defined below are experienced in litigating class action claims of the type involved in the Action.

       G.      The Parties to this Agreement and their respective attorneys of record, taking into account the risks, uncertainties, and delay involved in the Action, as well as other relevant considerations, have concluded that it is in the best interest of all Parties to compromise and fully and finally settle the Action in the manner and upon the terms and conditions hereinafter set forth. The Parties to this Agreement intend that this Settlement will end and encompass all litigation and/or claims against MSG that arise or relate to the Action.

       H.      MSG's execution of this Agreement is not, and shall not be construed as, an admission by MSG or deemed to be evidence of the validity of any of the claims made by the Named Plaintiffs on behalf of themselves or members of the Settlement Classes, or that MSG violated any federal, state, or local law.  Further, neither this Agreement itself, nor any of the documents prepared or executed by any party to this Agreement in negotiating or implementing the Settlement called for by this Agreement, nor any of the terms of any such documents, shall

ever be offered in evidence or shared with any party to any civil, criminal, or administrative action or proceeding, except to enforce compliance with this Agreement.

  I.  The relief provided to the Named Plaintiffs and Settlement Class Members and procedures for the distribution of relief provide a fair, speedy, and cost-effective settlement to the Settlement Class Members.

  J.  Class Counsel has analyzed and evaluated the merits of the claims asserted against MSG, the impact of this Agreement on the Named Plaintiffs and Settlement Class Members, and based upon Class Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that if not settled now, future litigation may not result in any recovery, or might result in recovery that is less favorable and that would not occur for several years,  as well as recognizing that the non-monetary elements of this Agreement are significant.  Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and this Agreement is in the best interest of the Named Plaintiffs and the Settlement Class Members.

## II. DEFINITIONS

  In addition to terms defined elsewhere in the Agreement, as used in the Agreement, the following terms have the meanings stated below:

  A.  "Action" means the civil action titled "*Millien v. The Madison Square Garden Company*" now pending in the United States District Court for the Southern District of New York, Civil Action No. 17 Civ. 4000.

  B.  "Agreement" or "Settlement Agreement" means this Stipulation and Settlement Agreement.

C.      "Acceptance Period" means the sixty (60) day notice period, beginning from the date of issuance of the Class Notice and Claim Form, during which an NYC Class Member may submit a Claim Form to seek an Enhanced Payment.

D.      "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel to compensate them for their fees and all expenses incurred by the Named Plaintiffs and/or Class Counsel in connection with the Action.

E.      "Background Check Report" means any consumer report that MSG obtains on job applicants for employment purposes from a Consumer Reporting Agency.

F.      "Claim Form" means the Claim Form, as approved by the Court in substantially the form of the document attached to this Agreement as Exhibit 3, whereby by an NYC Class Member may elect to seek an Enhanced Payment.

G.      "Claim Bar Date" means the last day of the sixty (60) day Acceptance Period in which an NYC Class Member may timely complete and submit a Claim Form.

H.      "Class Counsel" or "Plaintiffs' Counsel" means Outten & Golden, LLP ("O&G") and Youth Represent ("YR").

I.       "Class Notices" mean the notices described in this Agreement in Section VIII to be provided to Settlement Class Members, including the proposed Class Notice to FCRA Class Members (attached as Exhibit 1), and the proposed Class Notice to NYC Class Members and Claim Form (attached as Exhibits 2 and 3) by U.S. mail and e-mail (to the extent MSG has valid e-mail addresses for the Settlement Class Members), which will notify Settlement Class Members, among other things, about their rights to opt out and object to the Settlement, NYC Class Members' right to submit a Claim Form in order to be eligible to obtain an Enhanced Payment, the Released

Claims, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing.

       J.      "Consumer Reporting Agency" means any consumer reporting agency that MSG has engaged and/or may engage in the future to procure Background Check Reports on job applicants and/or provide other services in connection with such Background Check Reports.

       K.      "Counsel for Defendants" means Morgan, Lewis & Bockius.

       L.      "Court" means the United States District Court for the Southern District of New York.

       M.      "Criminal History Disclosure" means the method by which MSG requests prospective employees to fully and accurately disclose his or her criminal conviction history in accordance with applicable law.

       N.      "Days" or "days" refer to calendar day unless specifically indicated as business days (excluding federal holidays).

       O.      "Defendants" mean The Madison Square Garden Company and MSGN Holdings, L.P.

       P.      "Enhanced Payment" means a payment of $1,700.00 that an NYC Class Member may be eligible to receive if he or she meets the requirements set forth in Section III.B of the Agreement.

       Q.      "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

       R.      "The Fair Credit Reporting Act" or "FCRA" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

S.      "FCRA Class" means individuals who were denied employment with MSG based on the content of his or her Background Check Report from April 26, 2015 through the date of Preliminary Approval of the Settlement.  The FCRA Class will not include any individuals who timely and validly file a written notice of intent to opt-out of the Settlement by the Opt-Out Deadline.

T.       "Final" with respect to the Judgment, any award of Attorneys' Fees and Expenses, and any Service Awards means that the time for appeal or writ review has expired without any appeal being filed or, if an appeal or petition for review is taken and dismissed or the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired without an appeal being filed.  If the Judgment is set aside, materially modified as determined by MSG in good faith, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become Final.

U.      "Final Approval Order" and "Judgment" means the Order and Judgment to be entered by the Court pursuant to the Settlement which grants final approval of this Settlement, dismisses with prejudice the Named Plaintiffs' claims, and enters a judgment according to the terms set forth in this Agreement, including by ordering the Release of the Released Claims.

V.      "MSG" means Defendant The Madison Square Garden Company and its affiliates.

W.      "Named Plaintiffs" or "Class Representatives" refers collectively to Clint Millien and Felipe Kelly.

X.      "The New York Fair Credit Reporting Act" or "NY FCRA" means the New York General Business Law § 380 *et seq*.

Y.      "The New York City Human Rights Law" or "NYCHRL" means the New York City Administration Code § 8-101 *et seq*.

Z.      "Notice and Administrative Costs" means all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including all reasonable and authorized costs and expenses of disseminating and publishing the Class Notices in accordance with the Preliminary Approval Order.

AA.     "NYC Class" includes individuals who applied for employment with MSG in New York City, New York and who were denied employment based on MSG's determination that they failed to fully or accurately disclose their criminal conviction history from May 8, 2014 through the date of Preliminary Approval of the Settlement.  The NYC Class will not include any individuals who timely and validly file a written notice of intent to opt-out of the Settlement by the Opt-Out Deadline.

BB.     "Participating NYC Class Members" means individuals who are part of the NYC Class and who also timely and validly submit a Claim Form to seek an Enhanced Payment by the Claim Bar Date.

CC.     "Objector" means an individual who properly files an objection to this Agreement but does not include any individual who opts out of this Agreement.

DD.     "Objection Deadline" means the date the Court establishes as the deadline by which members of the Settlement Class must file objections to the preliminarily approved Settlement with the Court, which date the Parties propose shall be forty-five (45) days from the delivery of the Class Notices.

EE.     "Opt-Out Deadline" means the date the Court establishes as the deadline by which members of the Settlement Class must postmark a written notice of their intent to opt-out of the Settlement, which date the Parties propose shall be forty-five (45) days from the delivery of Class Notices.

FF.    "Preliminary Approval Order" means the order in substantially similar form as Exhibit 4 and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; preliminary certification of the Settlement Classes for settlement purposes only; dissemination of the Class Notice to the Settlement Classes; and finding that the proposed Class Notice is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action and the best practicable notice under Fed. R. Civ. P. 23, the material terms of the proposed Settlement, and the Settlement Class Members' options and rights with respect thereto.

GG.    "Release" or "Releases" means the releases of all Released Claims against the Released Persons, as provided for in Section V of the Settlement Agreement.

HH.    "Released Claims" refers to the FCRA Class Members' Released Claims as set forth in Section V.A, the NYC Class Members' Released Claims as set forth in Section V.C, and the Named Plaintiffs' Released Claims as set forth in Section V.D, respectively.

II.    "Released Persons" means MSG and their respective present, former, and future affiliates, parents, subsidiaries, corporate family members, member entities, predecessors, successors, insurers, and each and all of their officers, directors, partners, agents, attorneys, heirs, administrators, executors, members, representatives, trustees, principals, assigns, and employees, individually, jointly, and severally.

JJ.    "Service Award" means a service award that each Named Plaintiff shall apply for as compensation for his time and effort undertaken in this Action, not to exceed $7,500.00 per Plaintiff, for a total of $15,000.00.

KK.    "Settlement" means the settlement set forth in this Agreement.

LL.    "Settlement Administrator" means JND Legal Administration Company.

MM.   "Settlement Class" or "Settlement Class Members" means all individuals included in the FCRA Class and NYC Class.

NN.   "Settlement Effective Date" means the date on which the Judgment in this case becomes Final (as defined in Section II.T of this Agreement).  If no Settlement Class Member objects to this Settlement, the Final Settlement Date means thirty (30) days after the date on which the Court's order granting final approval is entered on the docket.  If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired.  If any appeal has been taken from Judgment, the Final Settlement Date means the date on which all appeals, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Judgment.  It is the intention of the Parties that the Settlement shall not become effective until the Court's Final Approval Order and Judgment has been completely Final and until there is no timely recourse by an appellant or Objector who seeks to contest the Settlement.

OO.   "Settlement Payment" means the monetary payments to be made to the Named Plaintiffs, the FCRA Class as set forth in Section III.A, and the Participating NYC Class Members who qualify for an Enhanced Payment as set forth in Section III.B.

PP.   "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to this Agreement to provide information about the Settlement.

QQ.   "Settling Parties" or "Parties" means, collectively, Defendants, Named Plaintiffs, and all Settlement Class Members.

## III.   MONETARY RELIEF AND BENEFITS

A.   <u>Monetary Benefits To The Named Plaintiffs And The FCRA Class Members</u>.  In exchange for the Named Plaintiffs' Released Claims and the FCRA Class Members' Released

Claims as set forth in Section V.A, the Named Plaintiffs and the FCRA Class Members shall each be entitled to receive a one-time payment of $200.00.

 B. <u>Eligibility For Enhanced Payment For The Named Plaintiffs And NYC Class Members</u>.  In exchange for the Named Plaintiffs' Released Claims and the NYC Class Members' Released Claims as set forth in Section V.C, the Named Plaintiffs and NYC Class Members shall be eligible to request an Enhanced Payment.  If the Named Plaintiff or a NYC Class Member submits a valid Claim Form by the Claim Bar Date, MSG will conduct an analysis of the Named Plaintiff's and Participating NYC Class Member's criminal conviction history as it existed at the time he or she applied for employment with MSG under New York Correction Law § 752, and the factors set forth in New York Correction Law § 753 ("Article 23-A analysis"), to determine if he or she would have been eligible for employment absent his or her failure to fully and accurately disclose his or her criminal conviction history.  In conducting the Article 23-A analysis, MSG will consider only the information regarding the Named Plaintiff's and the Participating NYC Class Member's criminal conviction history as it existed at the time he or she was denied employment, along with any evidence of rehabilitation or other information that the Named Plaintiff or the Participating NYC Class Member submits in the Claim Form and which evidence existed at the time he or she applied for employment with MSG.  If the Named Plaintiff or the Participating NYC Class Member does not submit any evidence of rehabilitation in the Claim Form, MSG will not consider this fact in its Article 23-A analysis (*i.e.* in its evaluation, MSG will not hold against the applicant the fact that he or she did not submit additional evidence of rehabilitation).  MSG will also not consider in its Article 23-A analysis the fact that it previously determined that the Named Plaintiff or Participating NYC Class Member did not fully and accurately disclose his or her criminal conviction history in his or her original application for

employment with MSG.  If MSG determines that the Named Plaintiff or Participating NYC Class Member would have been eligible for employment under the Article 23-A analysis, the Named Plaintiff and Participating NYC Class Member will receive an Enhanced Payment in the amount of $1,700.00.  MSG's determination that an NYC Class Member is entitled to an Enhanced Payment in this Settlement is entirely without prejudice to MSG's ability to conduct an independent evaluation of the Participating NYC Class Member's qualification for employment with MSG if such individual separately applies for employment pursuant to MSG's normal hiring policies and procedures, including conducting an independent analysis of the Participating NYC Class Member's criminal conviction history under New York Correction Law § 752 and the factors set forth in New York Correction Law § 753.  For the avoidance of doubt, MSG's determination that a Participating Class Member will receive an Enhanced Payment in the amount of $1,700.00 is unrelated to, and shall have no impact on, any decision that MSG may make in the future regarding such individual's qualification for employment if the individual later applies for employment, including a decision not to hire such individual based on his or her criminal history and/or failure to fully or accurately disclose his or her criminal history at the time of his or her later application for employment, consistent with applicable law and the terms of this Agreement.

C.    <u>Time-Period For MSG To Conduct Article 23-A Analysis</u>.  In order to be eligible for the Enhanced Payment, the Named Plaintiff and the NYC Class Member must submit a valid Claim Form by the Claim Bar Date.  MSG will conduct the Article 23-A analysis to determine whether the Named Plaintiff and the Participating NYC Class Member will receive the Enhanced Payment after the Settlement Effective Date.

D.   Entitlement to Enhanced Payment.  If MSG determines that more than 30% of the NYC Class Members are not entitled to the Enhanced Payment pursuant to the Article 23-A analysis described in Section III.B, MSG will provide Plaintiffs' Counsel with sufficient information to understand the basis for MSG's determination and the opportunity to meet and confer regarding MSG's decision.

E.   W-9 Requirement.  The Participating NYC Class Members who are deemed to be eligible to receive the Enhanced Payment pursuant to Section III.B will be required to submit a Form W-9.  The Settlement Administrator will send the Form W-9 to such individuals via U.S. mail (including an envelope with pre-paid postage) and e-mail with a link to submit the form on the Settlement website, within fourteen (14) days after completing the Article 23-A Analysis described in Section III.E.  The completed Form W-9 can be submitted via U.S. mail, e-mail, fax, and the Settlement Website.  For Participating NYC Class Members who are deemed to be eligible to receive the Enhanced Payment but fail to submit a Form W-9, the Settlement Administrator will make a reasonable follow-up effort, including sending a reminder postcard, to ensure that such individuals properly submit a Form W-9.  If the Participating NYC Class Members who are deemed to be eligible to receive the Enhanced Payment fail to submit the Form W-9 within ninety (90) days, the Settlement Administrator will hold his or her Settlement Payment in escrow throughout the 120-day check-cashing period described in Section III.I.  If such individual deemed eligible to receive the Enhanced Payment fails to submit the Form W-9 within ninety (90) days, and whose Settlement Payment is in escrow throughout the 120-day check-cashing period described in Section III.I, submits the Form W-9 during the 120-day check-cashing period, the Settlement Administrator will issue the Settlement Payment and the Settlement Check will become void at the conclusion of the initial 120-day check-cashing period, or 60-days after issuance of the

check, whichever is longer, as described in Section III.I.  If such individual fails to submit the Form W-9 during the 120-day check-cashing period, the monetary value of his or her Settlement Payment will be donated to Getting Out Staying Out ("GOSO"), a non-profit organization.

F.    Service Awards to The Named Plaintiffs.  Plaintiffs' Counsel may petition the Court for a $7,500.00 Service Award for each Named Plaintiff, in consideration for their service as a named Plaintiff.  MSG will not oppose a request for Service Awards for each Named Plaintiff (not to exceed $7,500.00 for each), for a total of $15,000.00.

G.    Attorneys' Fees and Expenses.  Plaintiffs' Counsel may petition the Court for an award of fees and expenses in an amount not to exceed $750,000.00.  Plaintiffs' Counsel acknowledges that such maximum amount includes all fees and costs of all counsel for the Named Plaintiffs and the Settlement Class, including counsel from O&G and YR.  MSG agrees not to oppose Plaintiffs' Counsel's application for Attorneys' Fees and Expenses consistent with these limitations.

H.    Distribution of Settlement Payments.  Within thirty (30) days of the Settlement Effective Date, the Settlement Administrator will issue checks for the Settlement Payments of $200.00 to the Named Plaintiffs and the FCRA Class Members.  Within ninety (90) days after the Settlement Administrator issued the Participating NYC Class Members who qualified for an Enhanced Payment Form W-9s, or within fourteen (14) days after which every Participating NYC Class Member who qualified for an Enhanced Payment has submitted a Form W-9 to the Settlement Administrator, whichever is earlier, the Settlement Administrator will issue checks for the Settlement Payments to the Participating NYC Class Members who qualified for an Enhanced Payment and timely submitted the required Form W-9

I.      Uncashed Checks.  All checks for Settlement Payments will become void 120 days after issuance.  If a Settlement Class Member requests re-issuance of a check within the 120-day period, then the re-issued check will become void at the end of the initial 120-day check cashing period, or sixty (60) days after re-issuance of the check, whichever is later.  The monetary value of any uncashed checks as of the void date will be donated to GOSO, a non-profit organization.

J.      Payments to Class Counsel.  Within thirty (30) days of the Settlement Effective Date, the Settlement Administrator will pay, or cause to be paid, by wire transfer, any Court-approved Attorneys' Fees and Expenses to Class Counsel subject to Section III.G.  Class Counsel shall provide to the Settlement Administrator a Form W-9 with a tax identification number prior to this payment.

K.      Payments of Service Awards to the Named Plaintiffs.  Within thirty (30) days of the Settlement Effective Date, the Settlement Administrator will issue checks to the Named Plaintiffs for any Court-approved Service Awards.  The Service Awards approved by the Court will be classified as non-wage compensation (reportable on a Form 1099) and the Named Plaintiffs will be solely responsible for paying any applicable taxes owed on this payment.  The Settlement Administrator, on MSG's behalf, will issue to the Named Plaintiffs an IRS 1099 for this payment.

L.      Tax Allocation.  The FCRA Class Member Settlement Payments will be classified as non-wage compensation (reportable on a Form 1099) and each FCRA Class Member will be solely responsible for correctly characterizing their Settlement Payments for any tax purposes. The Settlement Administrator, on MSG's behalf, will issue the FCRA Class Members' an IRS Form 1099 reflecting this payment.  Any Enhanced Payments made to Participating NYC Class Members will be allocated 50% as wages for which the Settlement Administrator, on behalf of MSG, will issue a W-2, and 50% as interest and penalties, for which the Settlement Administrator,

on behalf of MSG, will issue an IRS Form 1099.  The Settlement Administrator will report all payments to government authorities including the IRS as required by law, and shall make all legally required deductions and withholdings.  MSG will pay for any employer-side payroll taxes.

## IV.   NON-MONETARY RELIEF AND BENEFITS

In addition to the monetary relief described in Section III, MSG has agreed to implement certain non-monetary relief, as set forth below, for the benefit of the Settlement Class Members.

A.   <u>Background Check Procedures</u>.  MSG will formalize in writing its background check procedures.

B.   <u>Pre-Adverse and Adverse Action Letters</u>.  MSG will provide, or contract with a Consumer Reporting Agency to provide, pre-adverse action letters and/or adverse action letters to applicants whom MSG denies employment based on the contents of his or her Background Check Report as required in accordance with federal, state, and local law.  MSG will revise its pre-adverse action letters to include contact information for MSG, including an e-mail and phone number. MSG will further revise its pre-adverse action letters to explicitly state that MSG will consider an applicant's evidence of rehabilitation, and facilitate and encourage applicants to provide MSG with such information.

C.   <u>New York City Fair Chance Act Notices</u>.  MSG will provide, or contract with a Consumer Reporting Agency to provide, NYC Fair Chance notices to applicants in accordance with New York City Fair Chance Act.

D.   <u>Possession of Marijuana</u>.  MSG will revise its Criminal History Disclosure to state that applicants for employment need not disclose criminal convictions for possession for marijuana, except for convictions for possession of marijuana with intent to sell the same, unless the law otherwise requires.

E.    <u>Training</u>.  MSG will train its employees who are responsible for reviewing the substance of applicants' Background Check Reports in connection with his or her candidacy for employment regarding MSG's background check procedures as well as federal, state, and local law relating to MSG's use of Background Check Reports.  MSG will train its recruiters on MSG's policy regarding  denying employment to those applicants who do not fully and accurately disclose his or her criminal conviction history; that MSG does not prohibit applicants with criminal conviction histories from obtaining employment with MSG; the process by which applicants can provide evidence of rehabilitation; and the legal requirements under federal, state, and local law relating to MSG's evaluation and use of applicants' Background Check Reports, including under the New York City Fair Chance Act.  YR will be provided a one-time opportunity to present to the MSG employees who are responsible for reviewing the substance of applicants' Background Check Reports regarding issues that could lead an applicant to fail to fully and accurately disclose his or her criminal convictions.  Any documents and/or materials that YR delivers and/or shares with MSG employees in connection with this presentation will be subject to MSG's prior review and satisfaction.

F.    <u>Applicant Communications Prior To Obtaining Background Check Report</u>.  MSG will advise each applicant by e-mail prior to his or her submission of consent for MSG to obtain a Background Check Report that the applicant may provide evidence of rehabilitation, explain the procedure by which the applicant may provide evidence of rehabilitation, and remind the applicant that a failure to fully and accurately disclose his or her criminal conviction history may lead to a denial of employment.

G.    <u>Criminal History Disclosure</u>.  MSG will revise its Criminal History Disclosure as set forth in the Consumer Reporting Agency's portal consistent with Exhibit 5.  MSG will further

revise its Criminal History Disclosure as set forth in the Consumer Reporting Agency's portal to state that applicants can provide evidence of rehabilitation to MSG and will provide an e-mail address for applicants to do so.  MSG will further revise its Criminal History Disclosure as set forth in the Consumer Reporting Agency's portal to state in bold type that an applicant's failure to fully and accurately disclose his or her criminal conviction history may result in MSG denying the applicant's employment.

       H.    <u>Time-Period Relating To Criminal History Disclosure</u>.  MSG will revise its Criminal History Disclosure as set forth in the Consumer Reporting Agency's portal to state that applicants are required to disclose his or her criminal conviction history for the five-years preceding his or her application for employment.  MSG may assess an applicant's criminal conviction history for a longer period in accordance with applicable law for purposes of determining whether the applicant is qualified for employment under the New York Correction Law § 752 when considering the factors set forth in New York Correction Law § 753.

       I.    <u>Open Warrants</u>.  MSG will not revoke a conditional offer of employment because of an applicant's failure to disclose an open warrant or warrants in the Criminal History Disclosure.

       J.    <u>MSG's Process For Evaluating Applicants Who Fail To Fully and Accurately Disclose His or Her Criminal Conviction History</u>.  If an applicant does not fully and accurately disclose his or her criminal conviction history in the Criminal History Disclosure, MSG will request an explanation for the lack of disclosure by sending the applicant a notice by e-mail.  *See* Ex. 5.  The e-mail notice will include a link to the applicant's Background Check Report and a copy of the criminal record information that the applicant self-disclosed at the time he or she applied.  MSG will send a follow-up, reminder e-mail to all applicants four (4) days later which will provide a second link to the applicant's Background Check Report and a copy of the criminal

record information that the applicant self-disclosed at the time he or she applied.  In determining whether an applicant who did not fully and accurately disclose his or her criminal conviction history will be offered employment, MSG will consider whether the applicant provides MSG with information to MSG's satisfaction that the applicant did not intentionally misrepresent his or her criminal conviction history.  In such review, MSG will consider, among other factors, the extent to which the applicant demonstrates with credible explanation, that the applicant was confused about the applicant's criminal conviction history and/or that the applicant made a good faith effort to fully and accurately disclose such history.  For example, MSG will consider as an important factor that the applicant disclosed his or her most serious criminal conviction(s).

K. <u>Two-Year No Hire</u>.  An applicant who is denied employment based on his or her failure to fully and accurately disclose his or her criminal conviction history will be eligible to reapply for employment with MSG after two years.  MSG will include this information in the adverse action letter provided to the applicant.  If an applicant who was denied employment based on his or her failure to fully and accurately disclose his or her criminal history applies for employment within two-years of such denial, MSG will have no liability stemming from this Settlement Agreement with respect to its decision not to hire that individual.

L. <u>Settlement Monitor</u>.   MSG will designate a MSG employee to monitor implementation of Section IV of the Agreement.

## V.   RELEASE OF CLAIMS

A. <u>FCRA Class Members' Released Claims</u>.  On the Settlement Effective Date, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all FCRA Class Members who have not timely and properly opted out of the Settlement, and each of their respective spouses (to the extent spouses have derivative claims), heirs, executors, trustees, guardians, administrators, representatives, agents, successors, predecessors and assigns, fully and

forever release, waive, acquit, and discharge the Released Persons from all claims, demands, causes of action, and liabilities, known and unknown, that he or she had, have, or may have under any legal or equitable theory under the FCRA and/or NY FCRA, including but not limited to claims for statutory damages, compensatory damages, punitive damages, penalties, attorneys' fees and costs, and all other available relief.   It is expressly intended and understood by the Parties that this Agreement is to be construed as a complete settlement, accord, and satisfaction of the FCRA Class Members' Released Claims.

B.      <u>Acknowledgment of California Civil Code Section 1542</u>: All FCRA Class Members who are residents of California hereby acknowledge, pursuant to Section 1542 of the California Civil Code, that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

C.      <u>NYC Class Members' Released Claims</u>.   On the Settlement Effective Date, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all NYC Class Members who have not timely and properly opted out of the Settlement, regardless of whether he or she is a Participating NYC Class Member and regardless of whether he or she receives an Enhanced Payment, and each of their respective spouses (to the extent spouses have derivative claims), heirs, executors, trustees, guardians, administrators, representatives, agents, successors, predecessors and assigns, fully and forever release, waive, acquit, and discharge the Released Persons from all claims, demands, causes of actions, and liabilities, known and unknown, relating to their criminal records, including discrimination claims that he or she had, have, or may have, including under Title VII of the Civil Rights Act of 1964, 42 U.SC. § 2000e *et seq.*, the NY

FCRA, the Correction Law, and the NYCHRL, against MSG, including but not limited to claims for statutory damages, compensatory damages, punitive damages, penalties, attorneys' fees and costs, and all other relief available.  It is expressly intended and understood by the Parties that this Agreement is to be construed as a complete settlement, accord, and satisfaction of the NYC Class Members' Released Claims.

D.    Named Plaintiffs' Released Claims.  On the Settlement Effective Date, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Named Plaintiffs, and each of their respective spouses (to the extent spouses have derivative claims), heirs, executors, trustees, guardians, administrators, representatives, agents, successors, predecessors and assigns, fully and forever release, waive, acquit, and discharge the Released Persons from all claims, demands, causes of action, and liabilities, known and unknown, that he had, have, or may have under any legal or equitable theory, whether contractual, common-law, or statutory, and whether under federal, state or local law, by reason of any act, omission, transaction, practice, plan, policy, procedure, conduct, occurrence or other matter, from the beginning of time through the Settlement Effective Date.

## VI.    NO HIRE

A.    No Hire For The Named Plaintiffs.  The Named Plaintiffs agree not to knowingly apply for any job with MSG, The Hulu Theatre, Radio City Music Hall, The Beacon Theatre, the Chicago Theatre, The Forum, The New York Knicks, the New York Rangers and any other entities that Named Plaintiffs know to be affiliated with MSG.  MSG and its affiliates have no obligation to hire or employ, and/or engage the Named Plaintiffs in the future on a full-time, part-time, temporary and/or contingency basis.  If the Named Plaintiffs violate this provision, the Named Plaintiffs will have no cause of action with respect to MSG's decision not to hire, employ, and/or engage them in any capacity and MSG will have no liability with respect to the same.

## VII.    NON-ADMISSION OF LIABILITY

A.    No Admission of Liability.  MSG has asserted and continues to assert many defenses in the Action and expressly denies any fault, wrongdoing, or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Action and further denies that class treatment is appropriate in this Action.  Specifically, MSG denies the factual allegations in the Complaint; asserts that MSG has complied and continues to comply with all legal requirements when it conducts background check screenings on prospective employees; asserts that it was not required to perform an analysis of the factors set forth in Section 753 of the New York Correction Law because the Named Plaintiffs intentionally misrepresented their criminal histories during MSG's screening process; asserts that the Named Plaintiffs could not meet their burden to establish a willful violation of the FCRA or the NY FCRA.  MSG entered the Agreement due to the length of time necessary to resolve the issues presented, the disruption of its business operations, and the opportunity to improve its legally compliant background check policies and procedures.  The Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in, this Agreement, nor the implementing documents or actions taken under them, nor MSG's willingness to enter into this Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement shall constitute or be construed or used as an admission by or against MSG or any of the Released Persons to attempt to show any fault, wrongdoing, violation of law, or liability whatsoever or used as evidence of the validity of any claim or allegation of any kind in any action or any proceeding of any kind whatsoever.

## VIII.    NOTICE OF OPT OUT, OBJECTIONS, SETTLEMENT, AND TERMINATION.

A.    Retention of Settlement Administrator.  MSG will retain JND Legal Administration to administer the Settlement.  MSG will pay for all costs associated with the Settlement, including

the Notice and Administrative Costs.   The Settlement Administrator shall administer the Settlement in accordance with its terms and objectives.

      B.    <u>Class Notice to Settlement Class</u>.   MSG will provide to the Settlement Administrator a list containing the following information for each Settlement Class Member: name, Social Security number, last known address, and e-mail addresses no more than seven (7) days after the Court has issued its Preliminary Approval Order ("Settlement List").   Five (5) days prior to issuing the Class Notices, the Settlement Administrator will provide to Plaintiffs' Counsel a list containing the unique identifier of each Settlement Class Member, indicating whether they receive notice as a FCRA Class Member or NYC Class Member (but not their name or contact information).   The Settlement Administrator shall not disclose the Settlement List to Class Counsel or anyone else external to the Settlement Administrator, except to the extent a Class Member contacts the Settlement Administrator and the Settlement Administrator refers such Class Member to Class Counsel.   In that instance, the Settlement Administrator may release such Class Member's contact information to Class Counsel.   Within five (5) days after the Claim Bar Date, the Settlement Administrator will provide Plaintiffs' Counsel with a copy of the Settlement List limited to only Participating NYC Class Members.   After receipt of the Settlement Class Members' information from Defendants, the Settlement Administrator will perform a search and update using the National Change of Address Database to correct any known or identifiable address changes for Settlement Class Members.   As soon as practicable but in no event more than 21 days after the Court has issued its Preliminary Approval Order in substantially the same form as Exhibit 4, the Settlement Administrator will send by e-mail and U.S. mail (to the extent MSG has the Settlement Class Members' e-mail and home addresses) the approved Class Notice to the FCRA Class Members and the approved Class Notice, Claim Form, and a pre-paid envelope (to be used to return the Claim Form to the Settlement Administrator) to the NYC Class Members.   The Class Notice and

the pre-paid envelope shall bear the Settlement Administrator's mailing address as the return-mail address.

C.     <u>Reminder Notice</u>.  Thirty (30) days after distribution of the initial Class Notice to the NYC Class, the Settlement Administrator will send by e-mail and U.S. mail (to the extent MSG has the NYC Class Members' e-mail and home addresses) a reminder postcard in substantially the same form as Exhibit 2 to the NYC Class.

D.     <u>Submission of Claim Form</u>.  The NYC Class Member must submit a Claim Form to the Settlement Administrator within the Acceptance Period and no later than the Claim Bar Date, pursuant to Section II.G above, in order for the Claim Form to be valid and for the NYC Class Member to be eligible for consideration to receive an Enhanced Payment.  The NYC Class Member may validly submit a Claim Form through e-mail, fax, U.S. mail (via the pre-paid envelope referenced in Section VIII.B) or the Settlement Website.

E.     <u>Right to Opt Out</u>.  All members of the Settlement Class will have right to be excluded from (*i.e.*, to "opt out" of) the Settlement Class.  On or before the Opt-Out Deadline established by the Court, each Settlement Class Member who elects to opt out of the Settlement must send, by first class U.S. mail, written notice to the Settlement Administrator indicating his or her name and address and stating that he or she desires to opt-out of the settlement and otherwise does not want to participate in the Settlement.  Any member of the Settlement Class who does not timely (as measured by the postmark on that individual's written notice) opt out of the Settlement by written notice correctly directed to the Settlement Administrator and containing the requisite information shall become a Settlement Class Member and shall be bound by Orders of the Court, the Judgment, and the Settlement, including the Releases.  In no event shall members of the Settlement Class be allowed to opt-out of the Settlement as a group or on behalf of more than one

member of the Settlement Class, and any such provision shall not be considered a valid opt out. Any Settlement Member who fails to timely and validly opt out of the Settlement under the Settlement Agreement shall be bound the terms of this Settlement.

       F.    <u>Objections</u>.  Any Settlement Class Member who does not opt out and who wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court and mail a copy of that objection with the requisite postmark to Class Counsel and Counsel for Defendants no later than the Objection Deadline.  Any objection must state the case name and number, the basis for and an explanation of the objection, the name, address, address, telephone number, and e-mail address of the Settlement Class Member making the objection, and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel.  In addition, any objection must be personally signed by the Settlement Class Member and, if represented by counsel, then by the counsel.

       Any Settlement Class Member who fails to make an objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.  No Settlement Class Member shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Court's Final Approval Order and Judgment except by filing and serving written objections in accordance with the provision of this Settlement Agreement.  Any Settlement Class Member who fails to object in the manner prescribed above shall be foreclosed forever from raising any objection to the Settlement.

       G.    <u>Preliminary Settlement Approval</u>.  On June 19, 2019, Plaintiffs' Counsel will file with the Court a motion for preliminary settlement approval, memorandum of law in support thereof, proposed Class Notice, Claim Form, and Preliminary Approval Order ("Preliminary

Approval Motion"), which is consistent with this Agreement.  Plaintiffs' Counsel will provide the motion for preliminary settlement approval and memorandum of law in support thereof to Counsel for Defendants at least seven (7) before June 19, 2019 for their review and comment.  Defendants' Counsel will provide their comments at least two (2) business days before June 19, 2019.   The Preliminary Approval Motion will seek a settlement class pursuant to Federal Rule of Civil Procedure ("Rule") 23(e) and 23(b)(2) and (b)(3), with an opt out right.  The Preliminary Approval Motion will also seek the setting of date(s) for individuals to opt out of this Agreement or provide objections to this Agreement, which date the Parties propose shall be forty-five (45) days from the delivery of Class Notice, and for a Fairness Hearing for final approval of the Settlement before the Court at the earliest practicable date.

   H. <u>Compliance with CAFA</u>.  In accordance with the Class Action Fairness Act of 2005 ("CAFA"), within ten (10) days of the Named Plaintiffs' filing of the Preliminary Approval Motion, MSG will serve upon the appropriate state and federal official notice of this proposed Settlement in accordance with CAFA, 28 U.S.C. § 1715.  MSG will provide a copy of this notice to Plaintiffs' Counsel and will file with the Court a notice of compliance with CAFA's requirements.

   I. <u>Right of Termination</u>.  This Agreement shall terminate and the Settlement will become null and void, except for the Non-Admission of Liability provision as set forth in Section VII., if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement, which MSG determines in good faith to be material; or (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Judgment, which MSG determines in good faith to be material.  In such event, the terms and provisions of this Agreement, except for the Non-Admission of Liability

provision as set forth in Section VII., will have no further force and effect with respect to the Settling Parties and will not be used or discoverable in the Action, or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*.

       J.    <u>Representations and Warranties</u>.

       1.    <u>Representations and Warranties</u>.   Each Named Plaintiff represents and warrants that: (a) he is the sole and exclusive owner of his owned Released Claims and that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Persons; (b) he will not assign or otherwise transfer any interest in any of his Released Claims; and (c) he has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

       2.    <u>The Settling Parties' Representations and Warranties</u>.  The Settling Parties, and each of them on his or its own behalf only, represent and warrant: (a) they are voluntarily entering into the Settlement Agreement as a result of arms'-length negotiations among their counsel; (b) in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendation of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and (c) they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement.

       K.    <u>Hearing on the Proposed Settlement</u>

1.      At the Fairness Hearing, the Parties shall jointly request the Court to enter

a Final Approval Order and Judgment, which among other things:

a.      Approves, without material modification, the proposed Settlement,

pursuant to the terms of this Agreement.

b.      Finds that the terms of this Agreement are fair, reasonable and

adequate to the Settlement Class.

c.      Provides that each member of the Settlement Class shall be bound

by this Agreement, include the Releases.

d.      Finds that the sending and mailing of the Class Notices in the form

attached as Exhibits 1-3 and the other means of notice required by this Agreement satisfy the

requirements of Rule 23 and the requirements of due process;

e.      Approves the non-monetary relief;

f.      Dismisses all claims in the Action with prejudice;

g.      Retains jurisdiction for all matters relating to the interpretation,

administration, implementation, and effectuation and enforcement of this Agreement as set forth

in Section X.

2.      If the Settlement is not granted Final Approval, or this Agreement is

otherwise terminated or rendered null and void, the certification of the above-described Settlement

Classes shall be automatically vacated and shall not constitute evidence or a determination that the

requirements for certification of a class for Settlement or trial purposes in this or any other action

can or have been satisfied; in such circumstances, MSG reserves and shall have all rights to

challenge certification of the Settlement Classes or any other class for trial or any other purpose in

the Action, or in any other action, on all available grounds as if no Settlement Class had been certified.

## IX.    DURATION OF SETTLEMENT AGREEMENT

A.    <u>Duration of Settlement Agreement</u>.  Section IV of this Settlement Agreement shall expire two years from the later of the entry of the Final Approval Order, or MSG's complete implementation of the non-monetary relief described in Section IV.  For purposes of calculating this time-period, YR's one-time training of MSG's employees, as set forth in Section IV.E, will not be considered.

## X.    CONTINUING JURISDICTION

A.    <u>Authority of the Court and Continuing Jurisdiction</u>.  The administration and implementation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to preserve the Settlement Agreement, including, but not limited to, the enforcement of the Releases contained in the Agreement, for two years from the later of the entry of the Final Approval Order, or MSG's complete implementation of the non-monetary benefits described in Section IV.  For purposes of calculating this time-period, Youth Represents' one-time training of MSG's employees, as set forth in Section IV, will not be considered.

## XI.    MISCELLANEOUS PROVISIONS

A.    <u>Publicity</u>.  The Parties, Plaintiffs' Counsel, and Counsel for Defendants agree that they will not issue any press releases or initiate any contact with any media outlet about the fact, amount or terms of the Settlement and/or publicize that MSG was specifically a party to this Settlement, including but not limited to on any website (including any website maintained by Plaintiffs' Counsel).  Plaintiffs' Counsel may publicize the terms of the Settlement generally but they may state only that they entered into such Settlement with a "New York City employer,"

without any further explanation or characterization of MSG's business, industry and/or other identifying factor.  The Parties and their counsel further agree that if any Party receives a press inquiry regarding the Settlement, they will decline to comment unless as otherwise agreed in writing.  Nothing in this Agreement will prevent Plaintiffs' Counsel or MSG from making any legally-mandated disclosures.

B.    <u>Choice of Law</u>.  The Agreement will be interpreted, enforced, and governed by and under the laws of the State of New York without regard to its conflict of law principles.

C.    <u>Best Reasonable Efforts and Full Cooperation</u>.  The Parties agree to fully cooperate with one another to accomplish the terms of this Agreement, including but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of the Settlement.  The Parties to this Agreement will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary or ordered by the Court, or otherwise, to effectuate this Agreement and the terms set forth in it.

D.    <u>Entire Agreement</u>.  This Agreement constitutes the full and entire agreement among the Parties with regard to the subject matter and supersedes all prior representations, agreements, promises, or warranties, written, oral, or otherwise.  No Party shall be liable or bound to any other Party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are set forth in or attached to this Agreement.

E.    <u>Binding</u>.  This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

F.    <u>No Prior Assignments</u>.  The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or

encumber to any person or entity any portion of liability, claim, demand, action, cause of action, or rights released or discharged in this Settlement except as set forth in this Agreement.

      G.    <u>Construction</u>.  The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arm's length negotiations between the Parties and that this Agreement will not be construed in favor or against any Party by reason of the extent to which any Party or the Party's Counsel participated in drafting of this Agreement.

      H.    <u>Construction of Captions and Interpretations</u>. Paragraphs, titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it.  Each term of this Agreement is contractual and is not merely a recital.

      I.    <u>Class Signatories</u>.  The Parties agree that because the Settlement Class Members are so numerous, it is impossible and impracticable to have each Settlement Class Member execute this Agreement.  Therefore, the Class Notice will advise all Settlement Class Members of the binding nature of the Releases.  The Releases will have same force and effect as if this Agreement was executed by each Settlement Class Member.

      J.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties, subject to the Court's approval.

      K.    <u>Authority</u>.  The signatories below represent that they are fully authorized to enter into this Agreement and to bind the Parties and the Settlement Class Members.

## XII.   EXECUTION

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all the undersigned.

_____                    6/14/2019
CLINT MILLIEN                                        DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE


_____                    _____
FELIPE KELLY                                         DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE


_____                    _____
OSSAI MIAZAD                                         DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS


_____                    _____
MICHAEL POPE                                         DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS


_____                    _____
SAM SHAULSON                                         DATE
COUNSEL FOR DEFENDANTS


_____                    _____
LAWRENCE BURIAN                                      DATE
THE MADISON SQUARE GARDEN COMPANY

## XII.   EXECUTION

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all the undersigned.

_____     _____
CLINT MILLIEN                                                          DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE

_____     _____
FELIPE KELLEY                                                          DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE                 6/17/2019

_____     _____
OSSAI MIAZAD                                                         DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS               6/14/2019

_____     _____
MICHAEL POPE                                                        DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS               6/17/2019

_____     _____
SAM SHAULSON                                                       DATE
COUNSEL FOR DEFENDANTS

_____     _____
LAWRENCE BURIAN                                                 DATE
THE MADISON SQUARE GARDEN COMPANY

CLINT MILLIEN                                              DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE

FELIPE KELLY                                              DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE

OSSAI MIAZAD                                              DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS

MICHAEL POPE                                             DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS

SAM SHAULSON                                             DATE
COUNSEL FOR DEFENDANTS

                                                        06/17/2019
LAWRENCE BURIAN                                          DATE
THE MADISON SQUARE GARDEN COMPANY

                                                        06/17/2019
LAWRENCE BURIAN                                          DATE
MSGN HOLDINGS, L.P.

_____          _____
CLINT MILLIEN                                              DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE


_____          _____
FELIPE KELLY                                               DATE
NAMED PLAINTIFF AND CLASS REPRESENTATIVE


_____          _____
OSSAI MIAZAD                                               DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS


_____          _____
MICHAEL POPE                                               DATE
CLASS COUNSEL AND COUNSEL FOR PLAINTIFFS

_Sam Shaulson_                            _6/18/2019_
SAM SHAULSON                                               DATE
COUNSEL FOR DEFENDANTS


_____          _____
LAWRENCE BURIAN                                            DATE
THE MADISON SQUARE GARDEN COMPANY


_____          _____
LAWRENCE BURIAN                                            DATE
MSGN HOLDINGS, L.P.

# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
*Millien v. The Madison Square Garden Company, et al.*, No. 17 Civ. 4000

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING

**If MSG's records show that you applied for employment with MSG and were denied employment based on the content of your background check report from April 26, 2015, through [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT], you are entitled to $200.00 from this Settlement.**

**A federal court authorized Notice.  This is not a solicitation from a lawyer.**

- You are receiving this notice because MSG's records indicate that you are a member of the FCRA Settlement Class as described below.

- This notice relates to a settlement in a class action lawsuit alleging that MSG violated the Fair Credit Reporting Act ("FCRA"), New York State Fair Credit Reporting Act ("NY FCRA"), and New York State Correction Law ("Correction Law").

- Under this Settlement, you are eligible for a $200.00 payment.

- Visit the Settlement Website at www.[insert URL].com for additional details about the Settlement.  You may also get additional information by contacting the Settlement Administrator at the address, e-mail address, or phone number identified in Paragraph 7 below.

- MSG denies that it violated the law in any way whatsoever.  The two sides disagree as to whether MSG's conduct was permitted under the law.  The parties, however, have agreed to resolve the lawsuit through a Court-supervised settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | To receive a one-time cash payment, you do not have to do anything.  **Your Settlement Payment is: $200.00.**  After final approval by the Court, the payment will be mailed to you at the same address as this Notice.  You also give up your right to sue MSG on these claims. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt out") from the Settlement, you must follow the directions outlined in Paragraph 7 below.  If you request exclusion, you will receive **no money from the Settlement**.  **Your exclusion request must be postmarked no later than XX, 2019.** |

| **OBJECT** | You may write to the Court about why you believe the Settlement is not fair and reasonable.  You must object in writing in order to appear at the Fairness Hearing to speak to the Court about the fairness of the Settlement.  **You must file a written objection and mail a copy to counsel, per the instructions below, which must be postmarked no later than XX, 2019.** |
|---|---|

These rights and options – **and deadlines** – are explained in this notice.

The Court in charge of this case still has to decide whether to give final approval to the Settlement.  Class Member relief in the form of injunctive relief and/or payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

## BASIC INFORMATION

| **1.** | **Why did I receive this Notice?** |
|---|---|

You are receiving this Notice because MSG's records indicate that you were denied employment with MSG based on the content of your background check report at some point from April 26, 2015 through [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT] ("FCRA Settlement Class").  This Notice has been sent because members of the FCRA Settlement Class have a right to know about the proposed Settlement of the class action lawsuit in which they are putative class action members, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after objections or appeals relating to the Settlement are resolved, the benefits provided for by the Settlement will be available to the FCRA Settlement Class Members who do not decide to exclude themselves.

| **2.** | **What is this lawsuit about?** |
|---|---|

Plaintiffs allege that MSG violated the Fair Credit Reporting Act ("FCRA") by failing to provide background check reports and notices to them and the putative class before taking adverse employment actions and the New York FCRA ("NY FCRA") by failing to provide copies of Article 23-A of the Correction Law to them and the putative class.

Plaintiffs also allege that, as to a subset of class members, MSG violated the New York City Human Rights Law ("NYCHRL") by (1) failing to conduct an analysis of the factors set forth in Section 753 of the Correction Law for individuals who were denied employment based on criminal offense information contained in his or her background check report; and (2) denying employment to those applicants who failed to fully and accurately disclose their criminal conviction histories.  The settlement of the claims of that subset of class members is the subject of a separate notice and MSG's records indicate that you are not a member of that settlement.

MSG denies Plaintiffs' allegations and denies that it violated the law in any way whatsoever.  The Court did not decide in favor of Plaintiffs or MSG.  Although the Court has authorized Notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses by either side in the lawsuit.

| 3. | Why is there a Settlement? |
|---|---|

The Court did not decide in favor of the Plaintiffs or in favor of MSG. Both sides believe they would have prevailed but there was no ruling in favor of either party. Instead, both sides agreed to a settlement. The parties engaged in lengthy and arm's length negotiations to reach this Settlement. That way, they avoid the delays and uncertainties associated with a trial, and the people affected will get compensation. The Plaintiffs and Class Counsel think the Settlement is fair, reasonable, and adequate.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am part of the Settlement? |
|---|---|

You are part of the Settlement if you fit the definition set forth in Paragraph 1. Based on MSG's records, you were denied employment with MSG based on the content of your background check report at some point between April 26, 2015 and [DATE OF PRELIMINARY APPROVAL OF THE SETTLEMENT]. If you are not sure about whether you are a member of the FCRA Settlement Class, you can contact the Settlement Administrator at the address, e-mail address, or phone number identified in Paragraph 7 of this Notice.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 5. | What does the Settlement provide? |
|---|---|

<u>Injunctive Relief</u>

This Settlement calls for injunctive relief in the form of revisions to MSG's background check policies and practices. For more details, you can access the Settlement Agreement available at www.[insert URL].com.

<u>Individual Payments</u>

In addition to non-monetary benefits, you are eligible to receive a one-time gross payment of $200.00.

<u>Additional Payments</u>

Subject to the Court's approval, MSG has also agreed to separately pay Class Counsel's attorneys' fees and costs of no more than $750,000.00, the cost of administering the Settlement, and service awards of $7,500.00 to each of the two Plaintiffs, Clint Millien and Felipe Kelly for bringing the suit, their service to the Class, and reaching this Settlement.

| 6. | By not excluding myself from this Settlement, what legal claims am I releasing? |
|---|---|

If the Court grants final approval of the Settlement and if you do not opt out of the Settlement, you give up (also called "release") your right to sue MSG under the FCRA and/or NY FCRA, including any right to recover statutory damages, compensatory damages, punitive damages, penalties, and attorneys' fees and costs. This means that you cannot sue, continue to sue, or be part of any other lawsuit against MSG or its affiliates under the FCRA and/or NY FCRA. It also means that all of the Court's orders concerning the FCRA Settlement Class will apply to you and legally bind you, including the Release described above and in detail in Section V.A of the Settlement Agreement.

This Release provision describes the legal claims that you give up if this Settlement is approved and you do not exclude yourself.  Please carefully read the Release and Settlement Agreement as a whole.

| 7. | **What are my options?** |
|---|---|

- **OPTION 1 – DO NOTHING AND GET A PAYMENT**

If you do nothing you will automatically receive a $200.00 settlement payment if the Court approves the Settlement.

- **OPTION 2 – EXCLUDE YOURSELF FROM THE SETTLEMENT**

If you choose to be excluded from the Settlement, you will not be bound by any judgment or other final disposition of the lawsuit.  If you exclude yourself, you are not part of the Settlement and will not receive any benefits from it.  You will retain any individual claims against MSG you might have under the FCRA and/or NY FCRA.  To request an exclusion, you must send, by first class U.S. mail, written notice to the Settlement Administrator by [XX date] stating your name, address, and that you desire to opt-out of the Settlement and otherwise do not want to participate in the Settlement.  The Settlement Administrator's contact information is:

[JND Address]

If the request is not postmarked by [XX date] or otherwise does not contain the required information, your request for exclusion will be invalid and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims that arise out of or relate in any way to the claims as specified in the Release referenced in Paragraph 6.

- **OPTION 3 – OBJECT TO THE SETTLEMENT**

If you wish to remain an FCRA Settlement Class Member and wish the Court to consider your objection at the Final Approval Hearing, you may object to the Settlement.  You can object to any aspect of the proposed Settlement if you file and serve a written objection.  Your written objection must include: (1) case name and number; (2) an explanation of the basis of your objection; (3) your name, address, and telephone number; and (4) a statement as to whether you intend to attend the Final Approval Hearing, either with or without counsel.  The written objection must be personally signed by you, and if you are represented by counsel, then by your counsel. You must also send a copy of this written objection to the FCRA Settlement Class Counsel and Counsel for MSG.

**You must file any objection with the Clerk of the Court at the address below on or before [XX date].**

United States District Court for the Southern District of New York
Ruby J. Krajick
500 Pearl Street
New York, New York 10007

4

**You must also send your objection by first class mail, postmarked on or before [XX date]**, to Counsel for the FCRA Settlement Class and Counsel for MSG.  These documents should be mailed to Class Counsel at:

Ossai Miazad
Outten & Golden, LLP
685 Third Avenue, 25th Floor
New York, New York 10071

And to Counsel for MSG at:

| | |
|---|---|
| Sam Shaulson | Paul Evans |
| Morgan Lewis & Bockius, LLP | Morgan Lewis & Bockius, LLP |
| 101 Park Avenue | 1701 Market Street |
| New York, New York 10178 | Philadelphia, PA 19103 |

Any member of the FCRA Settlement Class who does not file and serve an objection in the time and manner described above will waive that objection.  If you exclude yourself from the Settlement, you may not object to it.

| **8.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in Settlement.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

## THE LAWYERS REPRESENTING YOU

| **9.** | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Plaintiffs Clint Millien and Felipe Kelly as Class Representatives.  The Court has appointed Outten & Golden, LLP and Youth Represent to represent you and all Class Members.  Together, the lawyers are called "Class Counsel."  Unless you elect to exclude yourself from the Settlement, you will continue to be represented by Class Counsel in connection with the implementation of the Settlement throughout the duration of the terms of the Settlement at no cost to you.  Class counsel may be contacted here:

| | |
|---|---|
| Ossai Miazad | Michel Pope |
| Christopher M. McNerney | Eric Eingold |
| Outten & Golden, LLP | Youth Represent |
| 685 Third Avenue, 25th Floor | 11 Park Place, Suite 1512 |
| New York, New York 10071 | New York, New York 10007 |
| Telephone: (212) 245-1000 | Telephone: (646) 759 – 8080 |
| MSGSettlement@outtengolden.com | |

| 10. | How will the lawyers be paid? |
|-----|-------------------------------|

Class Counsel will ask the Court to approve payment of up to $750,000.00 for their attorneys' fees and expenses.

## THE COURT'S FAIRNESS HEARING

| 11. | Where and when will the Court decide whether to approve the Settlement? |
|-----|------------------------------------------------------------------------|

The Court is currently scheduled to conduct a Final Approval Hearing regarding the proposed Settlement on _____, 2019, at _____, in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007. You do not need to attend the hearing, but you may attend if you would like at your own expense. You may ask the Court for permission to speak at Final Approval Hearing.

At this hearing, the Court will consider the fairness, reasonableness, and adequacy of the terms of the Settlement. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court's decision will take.

Please note that the Court can continue the Final Approval Hearing to another date without notice.

| 12. | Are there more details about the Settlement? |
|-----|----------------------------------------------|

The full Settlement Agreement and certain pleadings filed are available on the website created for this settlement by the Settlement Administrator, available at www.[insertURL].com.

| 13. | How do I get more information? |
|-----|-------------------------------|

You can contact the Settlement Administrator, identified in Paragraph 7 above, or Class Counsel, identified in Paragraph 9 above.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**

# Exhibit 2

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
*Millien v. The Madison Square Garden Company, et al*., No. 17 Civ. 4000

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

**If MSG's records show that you applied for employment with the Madison Square Garden (MSG) in New York City and were denied employment based on MSG's determination that you failed to fully and/or accurately disclose your criminal conviction history from May 8, 2014, through [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT], you are eligible for $200.00 and could receive an enhanced payment of $1,700.00 from this Settlement.**

**<u>A federal court authorized Notice.  This is not a solicitation from a lawyer.</u>**

- You are receiving this notice because MSG's records indicate that you are a member of the NYC Settlement Class as described below.

- This notice relates to a settlement in a class action lawsuit alleging that MSG violated the Fair Credit Reporting Act ("FCRA"), the New York State Fair Credit Reporting Act ("NY FCRA"), and the New York City Human Rights Law ("NYCHRL").

- Under this Settlement, you are eligible for a $200.00 payment and, if you qualify, an additional award of $1,700.

- Visit the Settlement Website at www.[insertURL].com for additional details about the Settlement (your Notice ID and PIN for filing a claim through the Settlement Website are both printed on your Claim Form).  You may also get additional information by contacting the Settlement Administrator at the address, e-mail address, or phone number identified in Paragraph 6 below.

- MSG denies that it violated the law in any way whatsoever.  The two sides disagree as to whether MSG's conduct was permitted under the law.  The parties, however, have agreed to resolve the lawsuit through a Court-supervised settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | You must submit a Claim Form by XX, 2019 to be **considered** for a one-time cash payment of $1,700.00 **in addition** to the $200.00 payment you are entitled to, if you do not exclude yourself, regardless of whether you submit a Claim Form. |
| **DO NOTHING** | If you do not submit a Claim Form, you are **not** eligible for a one-time additional payment of $1,700.00, and instead will only receive a one-time cash payment of $200.00.  You also give up your right to sue MSG on these claims. |

| | |
|---|---|
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt out") from the Settlement, you must follow the directions outlined in Paragraph 8 below.  If you request exclusion, you will not be eligible to receive any benefits from the Settlement.  **Your exclusion request must be postmarked no later than XX, 2019.** |
| **OBJECT** | You may write to the Court about why you believe the Settlement is not fair and reasonable.  You must object in writing in order to appear at the Fairness Hearing to speak to the Court about the fairness of the Settlement.  **You must file a written objection and mail a copy to counsel, postmarked no later than XX, 2019.** |

These rights and options – **and deadlines** – are explained in this notice.

The Court in charge of this case still has to decide whether to give final approval to the Settlement. Class Member relief in the form of injunctive relief and/or payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

## BASIC INFORMATION

| **1.** | **Why did I receive this Notice?** |
|---|---|

You are receiving this Notice because MSG's records indicate that you were denied employment based on MSG's determination that you failed to fully and/or accurately disclose your criminal conviction history at some point from May 8, 2014 through [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT] ("NYC Settlement Class").  This Notice has been sent because members of the NYC Settlement Class have a right to know about the proposed Settlement of the class action lawsuit in which they are putative class members, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after objections or appeals relating to the Settlement are resolved, the benefits provided for by the Settlement will be available to the NYC Settlement Class Members who do not decide to exclude themselves.

| **2.** | **What is this lawsuit about?** |
|---|---|

Plaintiffs allege that MSG violated (1) the Fair Credit Reporting Act ("FCRA") by failing to provide background check reports and notices to them and the putative class before taking adverse employment actions;  (2) the New York FCRA ("NY FCRA") by failing to provide copies of Article 23-A of the Correction Law to them and the putative class; and (3) the New York City Human Rights Law ("NYCHRL") by (i) failing to conduct an analysis of the factors set forth in Section 753 of the New York State Correction Law for individuals who were denied employment based on criminal offense information contained in his or her background check report; and (ii) denying employment to those applicants who failed to fully and/or accurately disclose their criminal conviction histories.

MSG denies Plaintiffs' allegations and denies that it violated any of these laws in any way whatsoever.  The Court did not decide in favor of Plaintiffs or MSG.  Although the Court has authorized Notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses by either side in the lawsuit.

2

| 3. | Why is there a Settlement? |
|---|---|

The Court did not decide in favor of the Plaintiffs or in favor of MSG.  Both sides believe they would have prevailed but there was no ruling in favor of either party.  Instead, both sides agreed to a settlement.  The parties engaged in a lengthy and arm's length negotiations to reach this Settlement.  That way, they avoid the delays and uncertainties associated with a trial, and the people affected will get compensation.  The Plaintiffs and Class Counsel think the Settlement is fair, reasonable, and adequate.

# WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am part of the Settlement? |
|---|---|

You are part of the Settlement if you fit the definition set forth in Paragraph 1.  Based on MSG's records, you applied for a job in New York City, New York between May 8, 2014 and [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT] and were denied employment with MSG because you failed to fully and/or accurately disclose your criminal history.  If you are not sure about whether you are a member of the NYC Settlement Class, you can contact the Settlement Administrator at the address, e-mail address, or phone number identified in Paragraph 6 of this Notice.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

| 5. | What does the Settlement provide? |
|---|---|

### Injunctive Relief

This Settlement calls for injunctive relief in the form of revisions to MSG's background check policies and practices, including as it applies to MSG's process for how it evaluates the criminal history information that applicants like you self-disclosed.  For more details, you can access the Settlement Agreement available at www.[insert URL].com.

### Individual Payments

In addition to non-monetary benefits, you are eligible to receive a one-time gross payment of $200.00 and are eligible to receive an additional $1,700.00 if you a timely submit Claim Form.  **IN DETERMINING WHETHER YOU WILL RECEIVE THIS ADDITIONAL $1,700.00, MSG WILL EVALUATE WHETHER YOUR CONVICTION HISTORY AT THE TIME OF YOUR APPLICATION WOULD HAVE RENDERED YOU ELIGIBLE FOR EMPLOYMENT AT MSG OR WOULD HAVE DISQUALIFIED YOU FROM EMPLOYMENT.  YOU WILL RECEIVE THE ONE-TIME PAYMENT OF $1,700.00 *ONLY* IF MSG DETERMINES THAT YOU WOULD HAVE BEEN ELIGIBLE FOR EMPLOYMENT GIVEN YOUR CRIMINAL CONVICTION HISTORY AT THE TIME OF YOUR ORIGINAL APPLICATION FOR EMPLOYMENT.  IF MSG DETERMINES, THAT YOU WOULD NOT HAVE BEEN ELIGIBLE FOR EMPLOYMENT BASED ON YOUR CRIMINAL HISTORY AT THE TIME OF YOUR ORIGINAL APPLICATION FOR EMPLOYMENT, *YOU WILL NOT* RECEIVE THE ONE-TIME PAYMENT OF $1,700.00.**  In conducting this analysis, MSG will consider only the information regarding your criminal history as it existed at the time of your original application for employment, along with any evidence of rehabilitation or other information that existed at the time of your application for

3

employment and which you submit to MSG in the Claim Form. When conducting this analysis, MSG will not hold it against you if you do not submit any evidence of rehabilitation. MSG will also not hold against you that you did not fully and/or accurately disclose your criminal history in your original application for employment. If MSG determines, in its sole discretion, that you are entitled to the one-time payment of $1,700.00, you will also be required to submit a W-9 to the Settlement Administrator as described in Paragraph 5 in order to receive the $1,700.00 payment.

Additional Payments

Subject to the Court's approval, MSG has also agreed to separately pay Class Counsel's attorneys' fees and costs of no more than $750,000.00, the cost of administering the Settlement, and service awards of $7,500.00 to each of the two Plaintiffs, Clint Millien and Felipe Kelly for bringing the suit, their service to the Class, and reaching this Settlement.

| 6. | When and how do I submit the Claim Form? |
|---|---|

You must submit the Claim Form to the Settlement Administrator **by [XX date]**. If you do not submit the Claim Form to the Settlement Administrator by this date, you will not be eligible for the one-time payment of $1,700.00. You may submit the Claim Form by sending it by U.S. mail using the envelope provided herewith (postage pre-paid), through the Settlement Website at www.[insertURL].com, by email at [insert e-mail address], or by fax at [insert fax number].

| 7. | By not excluding myself from this Settlement, what legal claims am I releasing? |
|---|---|

If the Court grants final approval of the Settlement and you do not opt out of the Settlement, you give up (also called "release") your right to sue MSG under the FCRA and/or NY FCRA, as well as all claims that you had, have, or may have relating to your criminal records, including discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.SC. § 2000e *et seq*., the Correction Law, and the NYCHRL, including any right to recover statutory damages, compensatory damages, punitive damages, penalties, and attorneys' fees and costs. This means that you cannot sue, continue to sue, or be part of any other lawsuit against MSG or its affiliates relating to your criminal records.

It also means that all of the Court's orders concerning the NYC Settlement Class will apply to you and legally bind you, including the Release described above and in detail in Section V.A & B of the Settlement Agreement. Unless you opt-out of the lawsuit, you will be covered by the release, even if you do not submit a Claim Form for participation in Class Member relief. Please carefully read the Releases and Settlement Agreement as a whole. **This release will apply regardless of whether you submit a claim form or whether MSG determines that you are entitled to receive the one-time payment of $1,700.00.**

| 8. | What are my options? |
|---|---|

- **OPTION 1 – SUBMIT THE CLAIM FORM**

If you wish to be **_eligible_** to receive a one-time gross payment of $1,700.00, in addition to your $200.00 payment, then you must timely submit the enclosed Claim Form. If you timely submit the enclosed Claim Form, you will only receive the one-time payment of $1,700.00 if MSG determines, in its sole discretion, that you are entitled such payment based on the analysis described in Paragraph 5.

4

- **OPTION 2 – DO NOTHING**

If you do nothing, you will automatically receive a $200.00 settlement payment if the Court approves the Settlement.  If you do nothing, however, you will not be eligible to receive a one-time payment of $1,700.00.

- **OPTION 3 – EXCLUDE YOURSELF ("OPT-OUT") FROM THE SETTLEMENT**

If you choose to be excluded from the Settlement, you will not be bound by any judgment or other final disposition of the lawsuit.  If you exclude yourself, you are not part of the Settlement and will not receive any benefits from it.  You will retain any individual claims against MSG you might have under the FCRA, NY FCRA, and/or NYCHRL.  To request an exclusion, you must send, by first class U.S. mail, written notice to the Settlement Administrator by [XX date] stating your name, address, and that you desire to opt-out of the Settlement and otherwise do not want to participate in the Settlement.  The Settlement Administrator's contact information is:

[JND Address]

If the request is not postmarked by [XX date] and/or does not contain the required information, your request for exclusion will be invalid and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims that arise out of or relate in any way to the claims as specified in the Release referenced in Paragraph 7.

- **OPTION 4 – OBJECT TO THE SETTLEMENT**

If you wish to remain an NYC Settlement Class Member, but you object to the Settlement (or any of its terms) and wish the Court to consider your objection at the Final Approval Hearing, you may object to the Settlement.  You can object to any aspect of the proposed Settlement if you file and serve a written objection.  Your written objection must include: (1) case name and number; (2) an explanation of the basis of your objection; (3) your name, address, and telephone number; and (4) a statement as to whether you intend to attend the Final Approval Hearing, either with or without counsel.  The written objection must be personally signed by you, and if you are represented by counsel, then by your counsel.  You must also send a copy of this written objection to Class Counsel and Counsel for Defendants.

**You must file any objection with the Clerk of the Court at the address below on or before [XX date].**

United States District Court for the Southern District of New York
Ruby J. Krajick
500 Pearl Street
New York, New York 10007

5

**You must also send your objection by first class mail, postmarked on or before [XX date]**, to Counsel for the NYC Settlement Class and Counsel for MSG.  These documents should be mailed to:

<table>
<tr><td>Class Counsel at:</td><td>And to Counsel for MSG at:</td></tr>
<tr><td>Ossai Miazad<br>Outten & Golden, LLP<br>685 Third Avenue<br>25th Floor<br>New York, New York 10071</td><td>Sam Shaulson<br>Morgan Lewis & Bockius, LLP<br>101 Park Avenue<br>New York, New York 10178<br><br>Paul Evans<br>Morgan Lewis & Bockius, LLP<br>1701 Market Street<br>Philadelphia, PA 19103</td></tr>
</table>

Any member of the NYC Settlement Class who does not file and serve an objection in the time and manner described above will waive that objection.  If you exclude yourself from the Settlement, you may not object to it.

| 9. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

| 10. | If MSG determines that I am entitled to the one-time $1,700.00 payment, how do I submit the required W-9? |
|---|---|

If MSG determines, in its sole discretion, that you are entitled to receive a one-time payment of $1,700.00 based on its analysis described in Paragraph 5, the Settlement Administrator will send you a W-9 Form to complete.  You may submit the W-9 by sending it by U.S. mail, through the Settlement Website at www.[insertURL].com, by email at [insert e-mail address], or by fax at [insert fax number].  If you fail to timely submit the W-9 Form at that time, you will not receive the one-time payment of $1,700.00.

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The Court has appointed Plaintiffs Clint Millien and Felipe Kelly as Class Representatives.  The Court has appointed Outten & Golden, LLP and Youth Represent to represent you and all Class Members.  Together, the lawyers are called "Class Counsel."  Unless you elect to exclude yourself from the Settlement, you will continue to be represented by Class Counsel in connection with the implementation of the Settlement throughout the duration of the terms of the Settlement at no cost to you.  Class counsel may be contacted here:

| | |
|---|---|
| Ossai Miazad | Michel Pope |
| Christopher M. McNerney | Eric Eingold |
| Outten & Golden, LLP | Youth Represent |
| 685 Third Avenue, 25th Floor | 11 Park Place, Suite 1512 |
| New York, New York 10071 | New York, New York 10007 |
| Telephone: (212) 245-1000 | Telephone: (646) 759 – 8080 |
| MSGSettlement@outtengolden.com | |

| **12.** | **How will the lawyers be paid?** |
|---|---|

Class Counsel will ask the Court to approve payment of up to $750,000.00 for their attorneys' fees and expenses.

## THE COURT'S FAIRNESS HEARING

| **13.** | **Where and when will the Court decide whether to approve the Settlement?** |
|---|---|

The Court is currently scheduled to conduct a Final Approval Hearing regarding the proposed Settlement on _____, 2019, at _____, in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007.  You do not need to attend the hearing, but you may attend if you would like at your own expense.  You may ask the Court for permission to speak at Final Approval Hearing.

At this hearing, the Court will consider the fairness, reasonableness, and adequacy of the Settlement.  If there are objections, the Court will consider them.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long the Court's decision will take.

Please note that the Court can continue the Final Approval Hearing to another date without notice.

| **14.** | **Are there more details about the Settlement?** |
|---|---|

The full Settlement Agreement and certain pleadings filed in this case are available on the website created for this settlement by the Settlement Administrator, available at www.[insertURL].com.

| **15.** | **How do I get more information?** |
|---|---|

You can contact the Settlement Administrator, identified in Paragraph 6 above, or Class Counsel, identified in Paragraph 11 above.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

# Exhibit 3

# CLAIM FORM

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X:

CLINT MILLIEN and FELIPE KELLY, :  Civil Action No. 1:17 Civ. 4000
individually and on behalf of all others :
similarly situated, :
 :
     **Plaintiffs,** :
 :
    **-against-** :
 :
THE MADISON SQUARE GARDEN :
COMPANY and MSGN HOLDINGS, :
L.P., :
 :
     **Defendants.** :

------------------------------------------------- X

**You are eligible to participate in a court-approved settlement.**

**Please read this Claim Form carefully.**

**TO BE ELIGIBLE FOR AN ENHANCED PAYMENT FROM THIS SETTLEMENT, YOU MUST COMPLETE THIS FORM AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR VIA E-MAIL, FAX, OR ONLINE AT www.[insertURL].com BY [XX date].**

The records of The Madison Square Garden Company and MSGN Holdings, L.P. ("MSG") show that you applied for employment with MSG in New York City and were denied employment based on MSG's determination that you failed to fully and/or accurately disclose your criminal conviction history from May 8, 2014 through [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT].

As described in the NYC Class Notice, you *may be eligible* to receive a one-time payment of $1,700.00 if you timely submit this Claim Form and MSG determines that, had you fully and accurately disclosed your criminal conviction history, you may have been eligible for employment. If MSG determines that you would not have been eligible for employment because your conviction history at the time of your application would have disqualified you, you will not be entitled to receive a one-time payment of $1,700.00.  Regardless of whether you receive the one-time payment of $1,700.00, you will release MSG and its affiliates of all claims described in Paragraph 7 of the NYC Class Notice.

**SECTION 1: UPDATED PERSONAL INFORMATION**

First Name, MI, Last Name: _____

Mailing Address: _____

City, State, Zip Code: _____

E-mail Address: _____

**SECTION 2: EVIDENCE OF REHABILITATION OR OTHER RELEVANT INFORMATION**

Please provide below any evidence of rehabilitation, or any other information you believe relevant, *that existed at the time of your original application* to MSG or its affiliates, which you would like MSG to consider in the analysis described in the NYC Class Notice and above.  Please also submit any supporting documents that you would like MSG to consider in its analysis.  *However*, if you choose not to submit any additional information, MSG will not hold it against you.

_____
_____
_____
_____
_____
_____

**You must submit this Claim Form by [XX date] for it to be valid.  You can submit the Claim Form by U.S. mail (pre-paid postage included herein), e-mail, fax, or through the Settlement Website.**

**E-mail the Claim Form to: ____;**

**Fax the Claim Form at: ____; or**

**Submit the Claim Form through the Settlement Website at: _____.**

**If you mail the Claim Form, it must be post-marked by [XX date].**

**Signature: _____   Date: _____**

# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | X: | |
|---|---|---|
| **CLINT MILLIEN and FELIPE KELLY, individually and on behalf of all others similarly situated,** | : : : : | Civil Action No. 1:17-cv-04000 |
| **Plaintiffs,** | : : | |
| **-against-** | : : | |
| **THE MADISON SQUARE GARDEN COMPANY and MSGN HOLDINGS, L.P.,** | : : : : | |
| **Defendants.** | : : | |
| | X | |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASSES, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the Parties' Stipulation and Settlement Agreement (the "Settlement Agreement" or "Agreement") and all Exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement.** Plaintiffs Clint Millien and Felipe Kelly ("Plaintiffs"), on behalf of themselves and all Settlement Class Members, and Defendants The Madison Square Garden Company and MSGN Holdings, L.P. ("Defendants") (collectively, the "Settling Parties"), have negotiated a settlement of this action (the "Action") to avoid the uncertainties and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement.

2.     **Review**.  The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter.  The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.     **Preliminary Approval.**  The Settlement Agreement entered into by and among the Settling Parties has been negotiated at arm's-length and is approved on a preliminary basis as fair, reasonable, and adequate.

4.     **Settlement Class Definitions and Relief.**  The proposed relief to the Settlement Class Members, as identified in Sections III and IV of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Classes include the FCRA Class and the NYC Class:

The FCRA Class consists of all individuals who were denied employment with The Madison Square Garden Company ("MSG") or its affiliates based on the content of his or her background check report from April 26, 2015, through the date of Preliminary Approval.  Excluded from the FCRA Class are all individuals who file a timely and proper request to be excluded from the Settlement.

The NYC Class consists of all individuals who applied for employment with MSG or its affiliates in New York City, New York and were denied employment based on MSG's determination that they failed to fully and/or accurately disclose their criminal conviction histories from May 8, 2014, through the date of Preliminary Approval.  Excluded from the NYC Class are all individuals who file a timely and proper request to be excluded from the Settlement.

5.     **Preliminary Certification of Settlement Class.**  The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

(a)     The Court preliminarily certifies the Settlement Classes for purposes of settlement only, under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

(b)     The Settlement Classes are so numerous that joinder of all members is impracticable;

(c)     There are questions of law or fact common to the members of the Settlement Classes;

(d)     The claims of Plaintiffs are typical of the claims of the other members of the Settlement Classes;

(e)     Plaintiffs and are capable of fairly and adequately protecting the interests of the members of the Settlement Classes, in connection with the Settlement Agreement;

(f)     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Classes;

(g)     The Settlement Classes are ascertainable;

(h)     Resolution of the claims in this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

6.     **Designation of Class Representatives.**  Plaintiffs Clint Millien and Felipe Kelly are designated as representatives of the FCRA and NYC Classes for the sole purpose of seeking a settlement of the Action.

7.     **Designation of Class Counsel.**  Outten & Golden LLP ("O&G") and Youth Represent ("YR") are designated as Class Counsel.

8.      **Final Approval Hearing.**  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held on ____ at ____ in New York City, New York before the Honorable Alison Nathan.

Such hearing may be reset to a later date than that in the Class Notices without requiring additional, subsequent notice to Class Members.

9.      **Class Notice.**

(a)     The Court approves the Class Notices in the Settlement Agreement, attached as Exhibits 1 and 2 to the Settlement Agreement, to be distributed in the manner provided for in Section VIII of the Settlement Agreement.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  In finalizing the Class Notices, the parties may make non-substantive formatting changes, as necessary, without seeking further approval of the Court.  The Court further finds that e-mailing and mailing the Class Notices (to the extent MSG has the e-mail addresses and home addresses of Settlement Class Members) as set forth in the Settlement Agreement is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process.

(b)     The Class Notices should be mailed and e-mailed to Settlement Class Members no more than twenty-one (21) days after the Preliminary Approval Order, and Reminder Notice will be issued thirty (30) days by e-mail and U.S. mail (to the extent MSG has the NYC Class Members' e-mail and home addresses) after the distribution of the initial Class Notice to the NYC Class.

4

10.     **Administrator.** The Court authorizes and directs MSG to retain JND Legal Administration Company as the Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Administrator to: (i) mail and e-mail Class Notices and Reminder Notices; (ii) establish the Settlement Website; and (iii) carry out such other responsibilities in order to administer the Settlement in accordance with its terms and objectives and as stated in the Settlement Agreement.

11.     **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written request for exclusion to the Settlement Administrator, by first-class mail, to the address provided in the Class Notice. Any such request for exclusion must be postmarked no later than ____, which is forty-five (45) days after the issuance of Class Notices.

(a)     To be valid, the request for exclusion must: (i) identify the name and address of the Settlement Class Member; and (ii) include a statement that the Settlement Class Member desires to opt-out of the Settlement and otherwise does not want to participate in the Settlement.

(b)     A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (i) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (ii) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c)     Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Settlement Effective Date (as defined

in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section V of the Settlement Agreement.

(d)     If the proposed Settlement is finally approved, any Settlement Class Member who has not submitted a timely, written request for exclusion or to opt-out from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against MSG or any of the Released Parties relating to any of the Released Claims.

12.     **Objections and Appearances.**  Any Settlement Class Member who has not filed a timely written request for exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense.  Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Counsel for Defendants at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement. The written statement of objection must be postmarked no later than _____, which is forty-five (45) days after the issuance of the Class Notices.

To Class Counsel:
Ossai Miazad
Christopher M. McNerney
Outten & Golden, LLP
685 Third Avenue
25th Floor
New York, New York 10071
*Attorney for Plaintiffs*

To Counsel for MSG:
Sam Shaulson
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Paul Evans
Morgan Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
*Attorney for Defendants*

(a)      The requirements to assert a valid written objection shall be set forth in the

Class Notices, and shall include: (i) case name and number; (ii) an explanation of the basis of the

Settlement Class Member's objection; (iii) the Settlement Class Member's name, address, and

telephone number; and (iv) a statement as to whether the Settlement Class Member intends to attend

the Final Approval Hearing, either with or without counsel.  The written objection must be personally

signed by Settlement Class Member, and if Settlement Class Member is represented by counsel, then

by the Settlement Class Member's counsel.

(b)      Any Settlement Class Member who fails to object to the Settlement in the

manner described in the Agreement, the Class Notices, and this Order shall be deemed to have

waived any such objection, shall not be permitted to object to any terms or approval of the

Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the

Settlement or the terms of the Agreement by appeal or other means.

(c)      Any Settlement Class Member who submits a timely written objection may

appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause

why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable.

13.      **Releases**.  If the Settlement is finally approved, all Settlement Class Members who

have not filed a timely and proper request for exclusion shall release the Released Persons from

all Released Claims, as described in Section V. of the Settlement Agreement.

14.      **Attorneys' Fees and Expenses, and Service Awards.**  Defendants agree not to

oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed

seven hundred and fifty thousand dollars ($750,000.00).  Defendants also agree not to oppose the application for a Service Award of $7,500.00 for each Named Plaintiff for their work and assistance in this Action. Class Counsel shall file their motion requesting these awards no later than two weeks before the Final Approval Hearing.

15.   **Preliminary Injunction.** All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating in any lawsuit asserting any of the Released Claims (as that term is defined in the Settlement Agreement).

16.   **Service of Papers.**  Class Counsel and Counsel for Defendants shall serve on each other and on all other parties who have filed notices of appearance or written objections, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members.  Class Counsel and Counsel for Defendants shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17.   **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the

preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

18.     **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19.     **Duration of Settlement Agreement/Jurisdiction.** Section IV of the Settlement Agreement will expire two years from the later of entry of the Final Approval Order, or MSG's completion of the non-monetary relief described in Section IV of the Agreement.  For purposes of calculating this time-period, Youth Represents' one-time training of MSG's employees as set forth in in Section IV.E of the Agreement will not be considered ("Duration Period").  This Court will retain jurisdiction to preserve the Agreement, including, but not limited to, the enforcement of the Releases contained in the Agreement, for the Duration Period.

20.     **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED this _____ day of___, 2019.

# Exhibit 5

**CRIMINAL HISTORY DISCLOSURE WORKFLOW**

TO BE IN BOLD:  **Applicants with felony and/or misdemeanor convictions are eligible for employment consideration at MSG.  MSG may exclude you from employment if you intentionally fail to disclose your conviction history.**

[Other MSG information]

[NEXT]

Within the last 5 years, have you been convicted of a felony or misdemeanor?  [Person cannot advance without selecting "Yes" or "No"]

**REMINDER**

As a reminder, applicants with felony and misdemeanor convictions are eligible for employment consideration at MSG. However, MSG may exclude you from employment if you intentionally fail to disclose your conviction history.  Please review your response before submitting.

 If you are unsure about whether to disclose your criminal history, MSG recommends that you do so.

[NEXT]

## CRIMINAL HISTORY DISCLOSURE REVIEW PROCESS

If an applicant does not disclose a requested misdemeanor or felony conviction, MSG will request an explanation for the lack of disclosure by sending the applicant an e-mail. That notice will request an explanation for the applicant's failure to disclose. The e-mail notice will include the applicant's consumer report and a copy of the criminal record information that the applicant self-disclosed at the time he or she applied. The applicant will have eight (8) days to respond to the e-mail notice and provide an explanation regarding the lack of disclosure. MSG will send a second, reminder e-mail to all applicants four (4) days later.

Standard: Whether Applicant provides MSG with information to MSG's satisfaction that Applicant did not intentionally misrepresent Applicant's criminal conviction history.

In such a review, MSG will consider, among other factors, the extent to which Applicant demonstrates with a credible explanation that the Applicant was confused about the Applicant's criminal conviction history and that the Applicant made a good faith effort to fully and accurately disclose such history. For example, MSG will consider as an important factor whether the Applicant disclosed his/her most serious criminal conviction(s).

E-mail Notice language:

We write to inform you that, as part of the background check process in connection with your prospective employment with The Madison Square Garden Company and/or one of its affiliates ("MSG"), it appears that there is a discrepancy between the criminal history you disclosed and what was reported on your background check report.

Click here to access a copy of your background check report which includes the information you disclosed as part of your application, for your review and comparison. Upon clicking the link, you will need to sign into the Accurate portal using the e-mail address and password you created when you registered to complete the background check. After doing so, you will be directed to a page labeled "Documents." Click the box labeled "Consumer Report (View/Download)" to access your report. The information you disclosed as part of your application is found under the heading "Previous Conviction Question."

You have eight business days to respond to this e-mail and explain any difference between what you disclosed on your criminal history and what was reported on your background check report. In your response, please explain any information that you believe to be wrong in the report or any other facts you think are important for us to know, or are otherwise relevant, even if your report is accurate. Failure to respond may result in your disqualification from employment.

Please respond by clicking reply and responding to the above e-mail address.

You may also receive, or already have received, a separate communication from MSG's consumer reporting agency, Accurate Background Check, Inc., regarding your background check and prospective employment with MSG. Please respond to that communication separately as instructed therein.

Thank you.

<u>Follow-Up, Reminder E-mail:</u>

As explained in the previous e-mail sent to you, as part of the background check process it appears there is a discrepancy between the criminal history you disclosed and what was reported on your background check report.

Click <u>here</u> to access a copy of your background check report which includes the information you disclosed as part of your application, for your review and comparison.  Upon clicking the link, you will need to sign into the Accurate portal using the email address and password you created when you registered to complete the background check.  After doing so, you will be directed to a page labeled "Documents."  Click the box labeled "Consumer Report (View/Download)" to access your report.  The information you disclosed as part of your application is found under the heading "Previous Conviction Question."

Please explain the difference between what you said was on your criminal history and what was reported on your background check report.  In your response, please explain any information that you believe to be wrong in the report, or any other facts you think are important for us to know, or are otherwise relevant, even if your report is accurate.  <u>You must provide a response to this e-mail within four business days</u>.

If you have already provided the requested response, please ignore this e-mail.  If you have not already provided the requested response, please do so as failure to respond in the required time-period may result in your disqualification from employment.

Thank you.