UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CLINT MILLIEN and FELIPE KELLY, individually and on behalf of all others similarly situated,

    Plaintiffs,

-against-

THE MADISON SQUARE GARDEN COMPANY and MSGN HOLDINGS, L.P.,

    Defendants.

Civil Action No. 1:17-cv-04000

[filing stamp: AUG 0 8 2019]

---

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASSES, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the Parties' Stipulation and Settlement Agreement (the "Settlement Agreement" or "Agreement") and all Exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.  **Settlement.** Plaintiffs Clint Millien and Felipe Kelly ("Plaintiffs"), on behalf of themselves and all Settlement Class Members, and Defendants The Madison Square Garden Company and MSGN Holdings, L.P. ("Defendants") (collectively, the "Settling Parties"), have negotiated a settlement of this action (the "Action") to avoid the uncertainties and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement.

2.  **Review.** The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.  **Preliminary Approval.** The Settlement Agreement entered into by and among the Settling Parties has been negotiated at arm's-length and is approved on a preliminary basis as fair, reasonable, and adequate.

4.  **Settlement Class Definitions and Relief.** The proposed relief to the Settlement Class Members, as identified in Sections III and IV of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Classes include the FCRA Class and the NYC Class:

The FCRA Class consists of all individuals who were denied employment with The Madison Square Garden Company ("MSG") or its affiliates based on the content of his or her background check report from April 26, 2015, through the date of Preliminary Approval. Excluded from the FCRA Class are all individuals who file a timely and proper request to be excluded from the Settlement.

The NYC Class consists of all individuals who applied for employment with MSG or its affiliates in New York City, New York and were denied employment based on MSG's determination that they failed to fully and/or accurately disclose their criminal conviction histories from May 8, 2014, through the date of Preliminary Approval. Excluded from the NYC Class are all individuals who file a timely and proper request to be excluded from the Settlement.

5. **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

(a) The Court preliminarily certifies the Settlement Classes for purposes of settlement only, under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

(b) The Settlement Classes are so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Settlement Classes;

(d) The claims of Plaintiffs are typical of the claims of the other members of the Settlement Classes;

(e) Plaintiffs and are capable of fairly and adequately protecting the interests of the members of the Settlement Classes, in connection with the Settlement Agreement;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Classes;

(g) The Settlement Classes are ascertainable;

(h) Resolution of the claims in this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

6. **Designation of Class Representatives.** Plaintiffs Clint Millien and Felipe Kelly are designated as representatives of the FCRA and NYC Classes for the sole purpose of seeking a settlement of the Action.

7. **Designation of Class Counsel.** Outten & Golden LLP ("O&G") and Youth Represent ("YR") are designated as Class Counsel.

8. **Final Approval Hearing.** A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held on 11/6/19 at 2 PM in New York City, New York before the Honorable Alison Nathan.

Such hearing may be reset to a later date than that in the Class Notices without requiring additional, subsequent notice to Class Members.

9. **Class Notice.**

(a) The Court approves the Class Notices in the Settlement Agreement, attached as Exhibits 1 and 2 to the Settlement Agreement, to be distributed in the manner provided for in Section VIII of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. In finalizing the Class Notices, the parties may make non-substantive formatting changes, as necessary, without seeking further approval of the Court. The Court further finds that e-mailing and mailing the Class Notices (to the extent MSG has the e-mail addresses and home addresses of Settlement Class Members) as set forth in the Settlement Agreement is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process.

(b) The Class Notices should be mailed and e-mailed to Settlement Class Members no more than twenty-one (21) days after the Preliminary Approval Order, and Reminder Notice will be issued thirty (30) days by e-mail and U.S. mail (to the extent MSG has the NYC Class Members' e-mail and home addresses) after the distribution of the initial Class Notice to the NYC Class.

10. **Administrator.** The Court authorizes and directs MSG to retain JND Legal Administration Company as the Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Administrator to: (i) mail and e-mail Class Notices and Reminder Notices; (ii) establish the Settlement Website; and (iii) carry out such other responsibilities in order to administer the Settlement in accordance with its terms and objectives and as stated in the Settlement Agreement.

11. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written request for exclusion to the Settlement Administrator, by first-class mail, to the address provided in the Class Notice. Any such request for exclusion must be postmarked no later than 10/13/19, which is forty-five (45) days after the issuance of Class Notices.

(a) To be valid, the request for exclusion must: (i) identify the name and address of the Settlement Class Member; and (ii) include a statement that the Settlement Class Member desires to opt-out of the Settlement and otherwise does not want to participate in the Settlement.

(b) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (i) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (ii) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c) Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Settlement Effective Date (as defined

5

in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section V of the Settlement Agreement.

(d) If the proposed Settlement is finally approved, any Settlement Class Member who has not submitted a timely, written request for exclusion or to opt-out from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against MSG or any of the Released Parties relating to any of the Released Claims.

12. **Objections and Appearances.** Any Settlement Class Member who has not filed a timely written request for exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Counsel for Defendants at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement. The written statement of objection must be postmarked no later than 10/17/19, which is forty-five (45) days after the issuance of the Class Notices.

To Class Counsel:
Ossai Miazad
Christopher M. McNerney
Outten & Golden, LLP
685 Third Avenue
25th Floor
New York, New York 10071
*Attorney for Plaintiffs*

To Counsel for MSG:
Sam Shaulson
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

6

Paul Evans
Morgan Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
*Attorney for Defendants*

    (a) The requirements to assert a valid written objection shall be set forth in the Class Notices, and shall include: (i) case name and number; (ii) an explanation of the basis of the Settlement Class Member's objection; (iii) the Settlement Class Member's name, address, and telephone number; and (iv) a statement as to whether the Settlement Class Member intends to attend the Final Approval Hearing, either with or without counsel. The written objection must be personally signed by Settlement Class Member, and if Settlement Class Member is represented by counsel, then by the Settlement Class Member's counsel.

    (b) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Agreement, the Class Notices, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

    (c) Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable.

  13. **Releases.** If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper request for exclusion shall release the Released Persons from all Released Claims, as described in Section V. of the Settlement Agreement.

  14. **Attorneys' Fees and Expenses, and Service Awards.** Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed

seven hundred and fifty thousand dollars ($750,000.00). Defendants also agree not to oppose the application for a Service Award of $7,500.00 for each Named Plaintiff for their work and assistance in this Action. Class Counsel shall file their motion requesting these awards no later than two weeks before the Final Approval Hearing.

15. **Preliminary Injunction.** All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating in any lawsuit asserting any of the Released Claims (as that term is defined in the Settlement Agreement).

16. **Service of Papers.** Class Counsel and Counsel for Defendants shall serve on each other and on all other parties who have filed notices of appearance or written objections, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Class Counsel and Counsel for Defendants shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the

preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

18.     **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19.     **Duration of Settlement Agreement/Jurisdiction.** Section IV of the Settlement Agreement will expire two years from the later of entry of the Final Approval Order, or MSG's completion of the non-monetary relief described in Section IV of the Agreement. For purposes of calculating this time-period, Youth Represents' one-time training of MSG's employees as set forth in in Section IV.E of the Agreement will not be considered ("Duration Period"). This Court will retain jurisdiction to preserve the Agreement, including, but not limited to, the enforcement of the Releases contained in the Agreement, for the Duration Period.

20.     **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED this 8th day of Aug 2019.

SO ORDERED:

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

9